## GEORGIA, FLORIDA AND ALABAMA RAILWAY COMPANY <em>v.</em> SIZER & COMPANY.

Where a certiorari has been sued out, taking a case from an inferior judicatory to the superior court, and a traverse is filed to the answer by the plaintiff in certiorari, such traverse may be verified by his attorney at law.

Argued December 15, 1904. — Decided January 28, 1905.

Certiorari.     Before Judge Spence.     Decatur superior court. May 11, 1904.

*Donalson & Donalson*, for plaintiff.    *T. S. Hawes*, contra.

SIMMONS, C. J.    It appears from the record that certain lumber was levied upon by virtue of a distress warrant in favor of a railroad company, and was claimed by Sizer & Co.   The case was tried in the city court of Bainbridge, and the property found not subject.   Thereupon the railroad company applied for and obtained a writ of certiorari from the superior court.   The judge of the city court answered the certiorari, and upon the coming in of his answer a traverse thereto was filed by the plaintiff in certiorari.   This traverse was verified by the railroad company's attorney at law, who had participated in the trial in the city court. The defendant in certiorari moved to dismiss the traverse, upon the ground that it was not verified by the affidavit of the party. The judge of the superior court granted this motion, and the plaintiff in certiorari excepted.

The Civil Code, § 4651, declares that the plaintiff or defendant in certiorari may traverse the truth of the answer, which traverse must be in writing " and verified by affidavit."   It will be observed that this section does not prescribe who shall verify the traverse.   The broad construction would seem to authorize any one to do so who knew the facts.   We know by experience that in

many cases tried in the courts one or the other of the parties is not present, and the party himself would in such case be unable to verify the traverse.    He could know the facts only upon the information of others.    Our code provides that any act authorized or required to be done under the code by any person in the prosecution of his legal remedies may be done by his agents; and for this purpose the agent is authorized to make an affidavit or execute a bond although his agency be created by parol.    Civil Code, § 3035.    Section 4638 expressly authorizes the attorney at law of a party to make the affidavit required in suing out the certiorari.    Having this authority, and the section which requires a traverse to be verified not prescribing by whom the affidavit shall be made, we think it clear, taking all these sections together, that the attorney who tried the case may verify the traverse.    There is good reason for believing that the attorney who is expressly authorized to sue out and verify the petition for the writ of certiorari has also authority to prosecute the proceeding, where necessary to his client's interests, by verifying the traverse to the answer.    In the present case the attorney who verified the traverse had participated in the trial in the city court.    It will be presumed that he knew as much of the facts proved on the trial as did any other person, as it was his duty to attend to them and to comment on them to the court and jury.    He was probably better informed as to these facts than any one else upon his side of the case.    If the verification of the traverse had to be made by the party himself, it would, as before remarked, often have to be done upon the information of others.    For these reasons we think that the court erred in dismissing the traverse.    Let the traverse be tried and, when the record is made up by the allowance or disallowance of the traverse by the jury, the judge below will then pass upon the merits of the case and exercise the discretion vested in him in such cases.

*Judgment reversed.    All the Justices concur.*