Z. T. WRIGHT, plaintiff in error, *vs.* WILLIAM R. PHILLIPS, defendant in error. ·

| 46 | 197 |
| 113 | 958 |
| 46 | 197 |
| 114 | 273 |
| 46 | 197 |
| 129 | 731 |

1. Where the affidavit to foreclose a lien on a steam saw mill, under the Act of 1868, alleges that deponent was employed by Wall, the owner or lessee of a steam saw mill situated in the county of DeKalb, as a laborer in and about said mill, for which services there is due deponent $51 50; that he has demanded payment of said Wall, and he has failed and refused to pay the same; that this prosecution is within one year from the time the debt became due, as will more fully appear by reference ·. the bill of particulars hereto annexed; that ·deponent claims a lien on said mill for the amount so due him as aforesaid, it is in substance a compliance with the provisions of the Act under which plaintiff was proceeding. (R.)
2. The Courts are bound to take judicial cognizance of the fact that the county of DeKalb is located within the State of Georgia. (R.)
3. Where the bill of particulars attached to the affidavit consisted of a due bill for the amount claimed, made by Wall, it was competent for plaintiff to show that it was given for the services specified in the affidavit, that Wall was in possession of the mill at the time of the foreclosure of the lien, and of the levy of the execution thereon. (R.)

Lien on saw mill. Affidavit. Evidence. Before Judge HOPKINS. DeKalb Superior Court. March Term, 1872.

For the facts of this case, see the decision.

L. J. WINN, for plaintiff in error.

HILL & CANDLER, for defendant.

WARNER, Chief Justice.

This case came before the Court below in the form of a claim case. The plaintiff had proceeded to foreclose a lien on a steam saw mill, under the provisions of the Act of 1868, for services performed as a laborer in and about said steam saw mill; an execution was issued and levied on the same as the property of Walls, the alleged owner or lessee of said mill, which was claimed by Phillips. On the trial, the plaintiff offered in evidence the affidavit, execution and levy on the mill, as set forth in the record. The plaintff alleged, in his affidavit, that he was employed by one Walls, the owner or lessee of a steam saw mill, situate in said county, (DeKalb,) as a laborer in and about said steam saw mill, for which services this deponent is due the sum of $51 50, with interest from the 1st January, 1870; that deponent has demanded payment of the said Wall, and that he has failed and refused to pay the same; that this prosecution is within one year from the time the debt became due, as will more fully appear by reference to the bill of particulars hereto annexed; that deponent claims a lien upon said steam saw mill for the amount so due him as aforesaid. The bill of particulars annexed and referred to in the affidavit, is as follows:

"Due Z. T. Wright, for work done at saw mill, fifty-one dollars and fifty cents. This January 1st, 1870.

"ROBERT J. WALL."

The plaintiff offered to prove that the prosecution of the lien against the saw mill was within one year after he rendered the services for which the due bill aforesaid was given by Wall to him, and, also, that Wall was in possession of the mill at the time of the foreclosure of the lien, and at the time the sheriff levied the *fi. fa.* issued thereon. On motion of claimant's counsel, the Court dismissed all the proceedings

Wallace *vs.* The State of Georgia.

which had been taken in the case by the plaintiff, and rejected the evidence offered by him as aforesaid, to which the plaintiff excepted.

Although the affidavit is written in an awkward manner, still, in our judgment, it is, in substance, a compliance with the requirements of the Act of 1868. The affidavit alleges that the steam saw mill is situate in the county of DeKalb, which the Courts are bound to recognize as being in the State of Georgia. The affidavit also alleges that payment for the services was demanded of Wall and refused, and that this prosecution is in one year from the time the debt became due, and it was competent for the plaintiff to prove that the due bill was given for those services, or in liquidation thereof, and that Wall was in possession of the mill at the time the lien was foreclosed, and at the time of the levy of the *fi. fa.* thereon.

Let the judgment of the Court below be reversed.