## COOPER v. THE STATE.

</div>

1. Demurrer is not the proper method of attacking an indictment on the ground of the alleged disqualification of a grand juror.
2. Applying the decision of this court in *Moye* v. *State*, 65 *Ga.* 754, to the facts of the present case, it appears that the venue was not proved.

<div style="text-align:center">Argued November 21, — Decided December 13, 1898.</div>

Certiorari. Before Judge Hutchins. Gwinnett superior court. September 16, 1898.

*John R. Cooper*, for plaintiff in error.
*C. H. Brand, solicitor-general*, and *F. F. Juhan*, contra.

LUMPKIN, P. J. The bill of exceptions in the present case alleges that the superior court of Gwinnett county erred in overruling a certiorari sued out by W. O. Cooper to review a verdict rendered in the city court of Lawrenceville, finding him guilty of an assault, upon an indictment for assault and battery, which had been transferred from the superior court.

1. The petition for certiorari complains that the judge of the city court erred in overruling a demurrer to the indictment, based upon the ground that one of the grand jurors was a brother-in-law of the person alleged to have been assaulted. Manifestly a point of this kind can not be properly raised by demurrer, but should have been presented by a motion to quash, or by a special plea in abatement, supported by evidence.

2. It was also alleged in the petition for certiorari that the verdict was contrary to law and the evidence, and petitioner specifically averred that the venue was not proved. The only evidence as to venue was that "the difficulty occurred in Lawrenceville, in front of Dan Rutledge's store." Following the decision cited in the second headnote, we are constrained to hold that this was not sufficient proof of the venue. In *Moye's* case it appeared "that the crime was committed in the lumber-yard of a Mr. Sloan, in the city of Americus;" and it was decided that this did not show affirmatively that the offense was committed in the county of Sumter, where the accused was tried. We presume this decision was based upon the idea that, as it was not proved the "city of Americus" in question was within this State, the court could not assume it was a Georgia city. If it had been proved that the offense was committed in Americus, Ga., doubtless judicial cognizance would have been taken of the fact that this city is in the county of Sumter. Be this as it may, that case is directly in point and is controlling in the case now before us.

It was further alleged in the petition for certiorari that the judge of the city court was, because of relationship, disqualified from presiding in the case; but the answer to the certiorari distinctly states that no question of this kind was made at the trial. There were also a number of assignments of error relating merely to questions of practice, which are not likely to arise at the next hearing in the city court, and with which, therefore, it is not essential now to deal.

*Judgment reversed.   All the Justices concurring.*