## PERRY *v.* THE STATE.

1. A bill of exceptions which recites that "at the April term, 1901, of the city court of Bainbridge, his honor B. B. Bower, judge of said court, presiding," a designated case came on to be tried and was tried, and which is duly certified by the judge named, sufficiently shows that the case was tried in the city court of Bainbridge, in the State of Georgia.

2. The control of a minor bastard child who has not been legitimated by his father belongs exclusively to his mother; and even if he could, where she abandoned him, or refused to support him, make a valid contract of service with another, he certainly can not against her consent do so when she has neither abandoned nor refused to support him.

3. It results, from an application of the principle laid down in the note imme-

diately preceding to the facts of the present case, that the verdict of guilty was contrary to the evidence.

Argued June 17, — Decided July 20, 1901.

Accusation of enticing servant away. Before Judge Bower. City court of Bainbridge. April 19, 1901.

Jesse McDonald was an illegitimate minor living with his mother in Arlington. He testified in court against one Godwin, who thereupon threatened him with bodily harm. Fearing this he went to Bainbridge and hired himself to Dr. Toole, for a month's service, and in about two weeks he wrote to his mother that he was in Dr. Toole's employment. She thereupon set about to procure a position for him at Arlington, so that she could obtain his earnings and assistance; and she contracted with W. P. Perry, the father of the accused, for the services of Jesse as porter at Perry's hotel. Upon being informed that the accused was going to Bainbridge in a few days on other business, she went to him and asked him to look up Jesse and tell him that she had procured a position for him at home, that he need not fear, as Godwin had left Arlington, and that she wanted Jesse to come home and accept the position so that he could help her with her work between his work hours. She did not consent to or ratify his contract of service with Dr. Toole; but, if he would stay away from home anyhow, she would rather he would work than not, and had no more objection to his working for Dr. Toole than for any one else. When about eighteen days of his term of service with Dr. Toole had expired, the accused came to him at Dr. Toole's residence, and told him what his mother had said. He asked the accused what the position in Arlington would pay; and the accused answered that he did not know, but "you have worked for my father before; while I do not know what he will pay you, I presume he will pay you as much as he did then." Jesse McDonald then informed Dr. Toole that he was going to quit his employment and go back to Arlington, stating what the accused had told him; and he did leave on the next day.

For the other facts see the opinion.

*W. D. Sheffield*, by *Harrison & Bryan*, for plaintiff in error. *Albert H. Russell, solicitor*, contra.

COBB, J. Perry was tried upon an accusation charging him with the offense of enticing away the servant of another, and was con-

victed.   His motion for a new trial, based upon the general grounds
only, having been overruled, he excepted.

1. When the case was called in this court a motion was made
to dismiss the writ of error, on the ground that the bill of excep-
tions did not show in what State and county the case was tried.
The bill of exceptions recites that "at the April term, 1901, of the
city court of Bainbridge, his honor B. B. Bower, judge of said court,
presiding, there came on to be tried the case of The State against
John Perry."   It nowhere appears affirmatively in the bill of ex-
ceptions in what State or county the case was tried.   The courts
of Georgia will take judicial cognizance of the fact that a named
county is within the State.   *Wright* v. *Phillips,* 46 *Ga.* 197.   And
when it is shown that a given town is in the State, the court will
take judicial notice of the county in which such town is located.
*Clayton* v. *May,* 67 *Ga.* 769; *Cent. R. Co.* v. *DeBray,* 71 *Ga.* 406
(2); *Cooper* v. *State,* 106 *Ga.* 120.   But the courts can not know
judicially that a named town is in the State, for there may be
towns of the same name in other States.   In order, therefore, for
this court to acquire jurisdiction of a bill of exceptions, it must ap-
pear at least either in what county the case was tried, or, if it is
stated that the case was tried in a given town, it must appear that
the town is in this State.   We think sufficient appears in the
present bill of exceptions to give the court jurisdiction.   While we
can not know that Bainbridge is in Georgia, we can take judicial
cognizance of the fact that Hon. B. B. Bower is judge of a court in
this State known as the city court of Bainbridge and located at
Bainbridge, Georgia.   This is matter of public record.   A simple
recital that the case was tried in the city court of Bainbridge would
probably have been insufficient, because there may be such a court
in another State; but when that recital is coupled with a statement
that a judge of this State presides over that court, we can with
certainty locate it in this State, and once located in this State, we
can know that the town where the court is held is in Decatur
county.   Counsel for movant relied on the case of *English* v. *Bryan,*
66 *Ga.* 574, but we think that case is distinguishable from this.
There the bill of exceptions simply recited that a certain case was
tried before "Hon. A. C. Pate, judge of the Oconee circuit, presid-
ing instead of Hon. H. V. Johnson, hindered from providential
cause."   It was ruled that where a bill of exceptions failed to state

either the court or county in which the case was tried, the writ of error would be dismissed, and that the certificate of the clerk could not be looked to to determine where the case was tried. That decision was manifestly right. The court would take judicial cognizance of the fact that Judge Johnson was judge of the Middle circuit, but there was absolutely nothing to show in which of the several counties in that circuit the case was tried. Had there been but one county in that circuit, as in the Atlanta circuit, the rule would be different. The motion to dismiss the writ of error in the present case must be overruled.

2, 3. The evidence shows that the person whom the accused was charged with having enticed away from his employer was a minor illegitimate child, and there was no evidence that he had ever been legitimated by his father. Civil Code, § 2509, provides: "The mother of a bastard is entitled to the possession of the child, unless the father shall legitimate him as before provided. Being the only recognized parent, she may exercise all the paternal power." It follows, therefore, that the mother of a minor bastard child has absolute control over him, and is entitled to his services. Such a child could not, therefore, against the consent of his mother, any more than a minor legitimate child could, against the consent of his father, enter into a valid contract of service. As it appears in this case that the boy ran away from home, and, without his mother's consent and against her wishes, entered into the employment from which it is charged he was enticed away, the conviction of the accused was not warranted by the evidence. It may be that if the mother of a minor bastard child abandoned him, or refused to support and maintain him, he could make a binding contract of service with another; but the present record presents no such case.

*Judgment reversed. All the Justices concurring.*