### 598. SMITH *v.* THE STATE.

1. The venue is a jurisdictional fact, and a conviction is unauthorized unless the venue be established clearly and beyond a reasonable doubt.
2. The venue, as any other fact in a case, may be proved by circumstantial evidence, as well as by direct proof, but numerous decisions of the Supreme Court, by which the Court of Appeals is bound, compel a holding that the evidence in this case does not disclose sufficient circumstances to adequately establish that the crime charged was committed in the county alleged.

Indictment for car-breaking, from Bibb superior court—Judge Felton. June 13, 1907.

Submitted July 18,—Decided July 25, 1907.

*John R. Cooper,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

RUSSELL, J. The only question in this case is whether the venue is sufficiently proved. It is insisted by plaintiff in error that it is not proved beyond a reasonable doubt, and by the State that it is established by circumstances. Venue can be proved by circumstantial evidence, just as any other fact may thus be established. Were the question a new one, and to be determined by us as an original proposition, we would perhaps hold that the circumstances in this case ought to satisfy a jury beyond any other reasonable conclusion that the car was broken into in the county of Bibb, and that the jurisdiction of the court was thus proved; because it appears that the car was left at the Southern yard in or near Macon and this court would feel authorized to take judicial cognizance of the geographical extent of Bibb county and of the location of the city of Macon therein. But in view of the holding in *Gosha's*

case, 56 *Ga.* 36, and *Moye's* case, 65 *Ga.* 754, we ·are constrained to hold that the venue in this case was not sufficiently shown, and that for failure of proof of this .jurisdictional fact the case must be remanded for another trial. In both ·of those cases it is held that the venue of the crime must be established clearly and beyond all reasonable doubts. In *Gosha's* case . the proof was that the crime was committed within fifty yards of a residence which was in Sumter county. And in view of the locality in which the crime was committed and the nature of the crime this would seem to have been sufficient. But the Supreme Court thought otherwise, Jackson, Justice, delivering the unanimous opinion of the court. In *Moye's* case ·the proof showed that the crime was committed in the lumber yard of a Mr. Sloan in the city of Americus, and .yet the Supreme Court again held that this was not sufficient to prove · that the offense was committed in Sumter county. In *Cooper's* case, 106 *Ga.* 120, 32 S. E. 23, the proof showed that the difficulty occurred in front of a certain store in Lawrenceville, the county town, and then it was again held that the venue was not sufficiently proved.

· The most that the evidence in this case shows, with reference to the venue, is that the car alleged to have been broken was left in the Southern yard in Macon, and· may have been broken into there. Under the decisions above referred to there was no sufficient proof that the crime, if committed by· the defendant, was committed in Bibb county. While we are constrained to make this ruling, we would suggest legislation to the effect that a new trial should not be required to be granted upon the ground that the venue has not been sufficiently proved, unless the point be insisted upon at the trial and before verdict. ·   *Judgment reversed.*