## 1294. STRINGFIELD v. THE STATE.

1. Proof that an alleged offense was committed in a designated town or city will not suffice to establish the fact of venue, and consequent jurisdiction, in a court whose jurisdiction is coextensive with a county.
2. (By RUSSELL, J.) In a prosecution for drunkenness upon a public street or highway, the evidence must show that the street or highway in question had been laid out by the city or used by the public as such,. and had become such by legislative enactment or enactment of a city council under its charter powers, or by dedication, prescription, or otherwise.

Accusation of drunkenness on public highway; from city court. of Baxley—Judge Thomas. June 11, 1908.

Submitted October 6,—Decided October 12, 1908.

W. W. Bennett, H. L. Williams, for plaintiff in error.

V. E. Padgett, solicitor, contra.

RUSSELL, J. 1. Two points are raised by the present writ of error. The plaintiff in error insists, first, that his conviction was unsupported by the evidence, because there was no proof of the venue. The first witness for the State testified that the accused was drunk in the City of Baxley. To our minds this would seem to be sufficient proof of the venue; for it would seem that the court could take judicial knowledge of the fact that the City of Baxley is in Appling county, especially when the trial is proceeding in that city and in that county. The very act of incorporation of the City of Baxley declares it to be in Appling county; and all of Appling county is within the jurisdiction of the city court of Baxley. In a previous case we have suggested the propriety of the passage of an act which would preclude any question as to the jurisdiction of the trial court being raised in an appellate court, unless it were first raised upon the trial in the lower court. Until the passage, however, of some such law, this court must be controlled, upon the subject of the venue, by the rulings in Moye v. State, 65 Ga. 754 (in which it was held that proof that the crime was committed in the City of Americus was not sufficient to establish the fact that the alleged crime was committed in Sumter county), in Cooper v. State, 106 Ga. 119, 32 S. E. 23 (in which it was held that proof that an act was committed in Lawrenceville did not establish that it was done in Gwinnett county), and in Murphy v. State, 121 Ga. 142, 48 S. E. 909

(in which it was held that like proof that the defendant did a criminal act in the City of Atlanta did not establish the fact that the offense was committed in Fulton county). All of these cases, as well as our decision in *Smith* v. *State*, 2 *Ga. App.* 413 (58 S. E. 549), are exactly parallel with the case at bar.

2. It is also insisted that the evidence was insufficient, because it failed to show that the public place where the defendant was alleged to have been intoxicated was a public street or highway. The evidence upon this subject was that the defendant was drunk "on the public streets in the City of Baxley, on Comas street and on Railroad street." The majority of the court think this proof sufficient. In the opinion of the writer, however, this opinionative evidence is insufficient to authorize a jury to reach the conclusion that the place in question was really a public street or a public highway. In *Johnson* v. *State*, 1 *Ga. App.* 195 (58 S. E. 265), we considered at some length the different methods in which public highways may be established; but we held, as I think we should again hold, that the evidence must disclose that the character of the street or road as a public highway is to be determined, not by the mere opinion of witnesses as to its publicity or continuous use, but by the methods by which the public highway was created. For the reason first stated, we are unanimous that we should reverse the judgment refusing a new trial.

*Judgment reversed.*