## 4261.  WADE *v.* THE STATE.

1. The evidence was insufficient to prove the venue.
2. On the trial of one indicted for the offense of assault with intent to rape, where the female assaulted was a child between the ages of ten and eleven years, the trial judge did not commit a reversible error because, in referring to her in his instructions to the jury, he in one or two places called her "this child." His reference to her as "this child" did not tend to impress upon the minds of the jury that the court entertained an opinion that the female alleged to have been

·raped was of immature development, and therefore not capable in law of consenting to the sexual act. The case of *Jordan* v. *State*, 6 *Ga. App.* 571 (65 S. E. 299), is distinguished, on the facts, from the present case. In that case the charge was enticing away a child under the age of eighteen years, and the issue was as to the age of the female, and this court held that it was error for the judge, in his instructions, to refer to her as "this child under the age of eighteen years."

3. The following excerpt from the charge is excepted to: "I charge you, gentlemen of the jury, that although, if the evidence shows that the girl assaulted was over ten years old, yet if she was a child in stature, constitution, and physical and mental development, and you believe from her age and appearance that she was incapable of consenting, the defendant would be guilty, although she made no objection to the intercourse." This excerpt is not justly subject to the criticism that, in the use of the words "girl assaulted," the judge expressed an opinion that an assault was actually perpetrated on the female, or to the criticism that, in the use of the language "although she made no objection to the intercourse," the judge expressed an opinion that such intercourse actually took place.

4. There was no error in the hypothetical instruction by the judge that the jury might take into consideration, in determining as to the weight and credit to be given to the evidence of the female alleged to have been assaulted, whether she was of good fame, whether she presently discovered the offense, whether she made pursuit after the offender, and whether she showed circumstances and signs of the injury; whether the place where the alleged act was done was remote from people, inhabitants or passengers, etc. The instruction to this effect was not the expression or intimation of any opinion by the court as to what had been shown by the evidence.

5. There was no error in omitting to charge the jury on the law of assault, or assault and battery, for these offenses were not involved. The accused denied that he committed any assault or assault and battery at all, and the evidence of the female, if it was the truth, proved the felonious assault as alleged in the indictment.

6. The following excerpt from the charge is objected to: "Upon the question as to whether or not the offense, if any, was committed against her will, or without her consent, it is proper for you to determine, first, as to whether or not Mamie Stanfill was of sufficient capacity, mentally, to give her consent to an act of this kind; and that is a question solely for your determination, taking into consideration the age of the child, her intelligence or want of intelligence, whether or not; under the evidence, she had or not arrived at a stage of maturity and development that would cause her to consent from sexual desire; and you may consider any other fact or facts which may have been made to appear to you upon the trial of this case, which may tend to illustrate that question." It is insisted that this charge eliminated from the jury the consideration of any motive for consent by the female to sexual intercourse except sexual desire, whereas if she consented to sexual intercourse, there might be other reasons why she should have consented thereto, and this was an improper restriction in the charge to the one motive of sexual desire. The excerpt is not subject to the

criticism made. The sexual desire of the female is only one of the tests suggested, but the judge leaves to the jury the right to consider any fact, whether it be immature age, lack of intelligence, or any other fact, which may tend to illustrate the question.

7. Leading questions may be allowed by the trial judge in his discretion, and it is not an abuse of this discretion to permit leading questions to be asked of a young female child relating to delicate subjects of a sexual character.

8. No error of law appears, and another trial is granted solely because of the failure to satisfactorily prove the venue.

DECIDED AUGUST 6, 1912.

Conviction of assault with intent to rape; from Grady superior court—Judge Frank Park. May 13, 1912.

*W. M. Harrell, Ira Carlisle, R. C. Bell, Little & Powell,* for plaintiff in error.

*W. A. Wooten, solicitor-general, F. A. Hooper,* contra.

HILL, C. J. The plaintiff in error was convicted of the offense of assault with intent to rape. His motion for a new trial was overruled, and he brings error. There are numerous assignments of error in the amended motion for a new trial, none of which need be dealt with more fully than in the headnotes, except the question as to proof of venue. It is insisted that the evidence is not sufficient to prove the venue, and, under repeated rulings of the Supreme Court on this subject, we are constrained to hold that this contention is well founded. The only evidence relating to venue was as follows: The victim of the assault testified that she lived in Grady county, and that the court-house where she was testifying was about five miles from her home; that on the occasion of the assault she and the accused were going to school together, and that the school was about two and a half miles from her home; that she saw the accused in December, 1910, in Grady county, "at my home, and at lots of other places. I went to school with him in December. I had to go by his boarding place, and we got together there. When we had gone a little piece from his boarding place, he made me stop. No one was with us. He picked me up and carried me out of sight of the road and laid me down," and then the assault was made. "It was near the Cairo and Thomasville road, and about two miles from the schoolhouse. We were about a half mile from home."

The constitution of this State requires that all criminal cases shall be tried in the county where the crime is committed, and numerous decisions of the Supreme Court have held that the venue

must be clearly and distinctly proved beyond a reasonable doubt. *Murphy* v. *State,* 121 *Ga.* 143 (48 S. E. 909). The statement of the accused that she lived in Grady county was immaterial in the fixing of the venue. *Tarver* v. *State,* 123 *Ga.* 494 (51 S. E. 501); *Pope* v. *State,* 121 *Ga.* 801 (53 S. E. 384, 110 Am. St. Rep. 197, 4 Ann. Cas. 551). In *Gosha* v. *State, 56 Ga.* 36, it was held that evidence to prove the place where the crime was committed, to the effect that it was "within fifty yards" of a certain named residence in that county, was not sufficient. In *Moye* v. *State,* 65 *Ga.* 754, the only proof touching the venue was that the crime was committed in the lumber yard of a Mr. Sloan, in the city of Americus, and it was held that this was not sufficient to show that it was committed in the county of Sumter; that the court did not judicially know that the Americus referred to was in the State of Georgia. In *Cooper* v. *State,* 106 *Ga.* 119 (32 S. E. 23), the proof as to venue was that the difficulty occurred "in Lawrence-ville, in front of Dan Rutledge's store," and it was decided that this did not show affirmatively that the offense was committed in Law-renceville, Gwinnett county. If it were an open question for this court, we would be inclined to hold that the court would judicially recognize in the last two cases that the crime was committed in Sumter and Gwinnett counties and in the State of Georgia, as the court judicially knows that Americus is in Sumter county and Lawrenceville is in Gwinnett county, and it seems to us that the court could not by any possibility conjecture that a trial in these two counties might have been for offenses committed in Americus or Lawrenceville in some other State. But the question is not open, and the decisions cited are binding upon us as precedents, and have been followed in *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549), *Stringfield* v. *State, 4 Ga. App.* 842 (62 S. E. 569), and *Minter* v. *State, 7 Ga. App.* 14 (65 S. E. 1079).

It is insisted by learned counsel for the State that the language of the witness, that she saw the defendant in December, 1910, in Grady county, at her home, and "at lots of other places," is suffi-cient to prove the venue; that the plain inference from this testi-mony is that all the "other places" at which she saw him in De-cember, 1910, were in Grady county, and that one of these places in which she saw him was the place where they went to school together in December, and where the offense was committed. Proof of venue

by inference is not sufficient, unless that is the only possible inference from the facts.

It is also insisted that the venue was not an issue in the case; that no question as to venue was made on the trial. Whether it was an issue on the trial or not, if the question is specifically raised by the motion for a new trial, as provided by the act of 1911 (Acts 1911, p. 150), the brief of evidence in this court must disclose the fact that the venue was affirmatively and clearly proved. Here the question is properly made in the record. It is further insisted that this court will judicially know that five miles from the county-site of Grady county, where the trial took place, was in Grady county. Even if this were true, it would not show that the offense was committed in Grady county, for the witness testified that it was committed about a mile from her home, which was about five miles from the court-house, on the side of the road, where the defendant took her while on their way to school. But whatever may be the law in other jurisdictions, it is very clear, under the decisions above cited, that while courts of this State may take judicial notice of the geographical divisions of the State and the location of the cities and towns thereof, they will not in a criminal prosecution supply by that means an omission to prove the venue. We reverse the judgment on this ground alone.

*Judgment reversed. Russell, J., absent because of illness.*