## 6094. BEATTY v. CITY OF ATLANTA.

1. Where, on the trial of one charged with the violation of an ordinance of the City of Atlanta, proof was made that the offense was committed at "No. 9 East Alabama street . . in this city," the venue was sufficiently shown.

2. On a trial by a recorder, under a municipal ordinance providing that "it shall not be lawful for any person or persons having charge or control of any pool or billiard room and tables kept for hire to admit into any such room any minor, or to allow any minor to play at any such billiard or pool tables, without the written consent of the parent or guardian of such minor," where the uncontradicted evidence disclosed that the defendant had such a room and such tables under his charge and control, and kept them at his own expense and gave them his personal attention day by day, and that the general public frequented the place and used them constantly, the recorder, notwithstanding the absence of any specific evidence that the room and tables were kept for hire, was authorized to infer that the defendant kept them for pecuniary gain or "for hire," and not from motives of benevolence alone; and the circumstances proved excluded every other reasonable hypothesis.

3. The evidence was sufficient to authorize the judgment rendered by the recorder, and the judge of the superior court did not err in overruling the certiorari.

DECIDED DECEMBER 22, 1914.

Certiorari; from Fulton superior court—Judge Bell.   October 30, 1914.

*Thomas E. Scott, Albert Kemper,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.

WADE, J.   The only point which requires discussion is that raised by the exception in the petition for certiorari that the venue was not sufficiently shown.   It is well established under the decisions of the Supreme Court and of this court that where one is prosecuted for the violation of a penal law of the State, proof that the offense was committed in a designated town or city will not alone suffice to establish the fact of venue, and consequent jurisdiction, in a court whose jurisdiction is coextensive with the county where the offense is alleged to have been committed.   *Stringfield* v. *State,* 4 *Ga. App.* 842 (62 S. E. 569).   In *Moye* v. *State,* 65 *Ga.* 754, the evidence showed "that the crime was committed in the lumber yards of a Mr. Sloan in the city of Americus," but the court held that this was not sufficient to show affirmatively that the offense was committed in the county of Sumter, where the accused was tried.   In *Cooper* v. *State,* 106 *Ga.* 119 (32 S. E. 23), the evidence as to venue was that "the difficulty occurred in Lawrenceville, in front of Dan Rutledge's store," and the Supreme Court held that this was not sufficient proof of the venue under its prior ruling in the *Moye* case, supra; but suggested that if the proof in the *Moye* case had shown that the offense was committed in the city of Americus, Georgia, doubtless judicial cognizance would have been taken of the fact that the city was in the county of Sumter.   In *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549), this court held, where the proof showed that one who was indicted for a State offense, alleged to have been committed in the county of Bibb, committed the crime "at the Southern yard in or near Macon," that under the previous rulings of the Supreme Court, the Court of Appeals would not be authorized to take judicial cognizance of the geographical extent of Bibb county, and of the fact that a city even as large and well known as Macon was located therein.   The Supreme Court held, in *Knox* v. *State,* 114 *Ga.* 272 (40 S. E. 233), that where one was on trial in the superior court of Franklin county, Georgia, charged with the offense of murder, and it appeared, from the evidence, that the accused killed the deceased at the house of the accused on a place of a named person in

Franklin county, it was sufficiently shown that the homicide occurred in Franklin county, Georgia, and this evidence excluded any legitimate inference that the offense was committed in Franklin county, North Carolina, though the last named county may be situated not very far from the county of the same name in Georgia. The courts of Georgia will take judicial cognizance of the fact that a named county is within the State (*Wright* v. *Phillips,* 46 *Ga.* 197) ; "and when it is shown that a given town is in the State, the court will take judicial notice of the county in which such town is located. *Clayton* v. *May,* 67 *Ga.* 769; *Central R. Co.* v. *DeBray,* 71 *Ga.* 406 (2) ; *Cooper* v. *State,* 106 *Ga.* 120 [32 S. E. 23]. But the courts can not know judicially that a named town is in the State, for there may be towns of the same name in other States." *Perry* v. *State,* 113 *Ga.* 936-938 (39 S. E. 315). In *Cooper* v. *State,* supra, it did not appear that Lawrenceville, where the proof showed the crime was committed, was within the limits of the State of Georgia; and in *Smith* v. *State,* supra, the proof did not show that the city of Macon was in the State of Georgia; nor did it appear in the *Moye* case, supra, that Americus was within the limits of this State. Likewise, in the *Stringfield* case, supra, the evidence showed that the defendant committed the crime in the city of Baxley, but did not show that the city of Baxley was in Appling county or in the State of Georgia.

In the case now under consideration a witness testified that the defendant, who was charged with the violation of an ordinance of the city of Atlanta, making it unlawful for "any person or persons having charge or control of any pool or billiard room and tables kept for hire to admit into any such room any minor, or to allow any minor to play at any such billiard or pool table, without the written consent of the parent or guardian of such minor," kept a pool-room and pool-tables at "No. 9 East Alabama Street . . in this city," where the trial was then being had. It does not appear in so many words that the offense was committed in the city of Atlanta, but nevertheless we consider this testimony sufficient to establish the fact that the pool-room in question was located within the limits of that municipality. The accusation against the accused charged him with violating an ordinance of the city of Atlanta, and the trial was progressing in that city at the time the witness testified that the pool-room under investigation was located "in this city." These words could have reference

to no other city on the face of the globe except the city where the witness was then present and where the trial was then progressing, to wit, the city of Atlanta; and we might go further and say that this testimony indubitably fixed the location of the pool-room, not only in the city of Atlanta, but in the county of Fulton and State of Georgia, so that if the accused had been on trial for an offense against the laws of the State, committed in the county of Fulton, such evidence would have established the fact that the crime had been committed in that county.

In the case of *Porter* v. *State, 76 Ga.* 658, the defendant was charged with larceny from the house in stealing from the courthouse of Habersham county certain property belonging to the county, and the venue was laid in that county. The defendant's statement was relied upon to show the venue. In his statement he said, "I was at work on the jail here in this place;" and the Supreme Court, in passing upon the question, said: "What place? Of course, the place where the case was being tried, which is Clarkesville, the county site of Habersham, and this court will officially know that this case was tried here, and that Clarkesville is the place where the court sits for Habersham county." Chief Justice Jackson said further, in speaking of the sufficiency of this evidence to establish the venue in Habersham county, "it is absolutely certain."

This seems to be conclusive on this point. See also, in this connection, *Mosley* v. *Thomasville, 9 Ga. App.* 500 (71 S. E. 765); *Bush* v. *Town of Minter, 10 Ga. App.* 60 (72 S. E. 510).

The second and third headnotes need no elaboration.

*Judgment affirmed. Broyles, J., disqualified.*