## 14396.   ·WALKER, *alias* MILLER, *v.* THE STATE.

1. The excerpt from the charge of which complaint is made in the motion for a new trial is not erroneous when considered in connection with the entire charge.
2. The venue was proved.
3. The general grounds of the motion for a new trial are specifically abandoned in the brief of counsel for plaintiff in error, and they admit " the sufficiency of the evidence to authorize a verdict of manslaughter against this plaintiff in error."

DECIDED MAY 15, 1923.

Conviction of manslaughter; from Coffee superior court — Judge Summerall. March 12, 1923.

*Casey Thigpen, C. A. Ward, J. H. Williams, J. S. Gibson,* for plaintiff in error.

*A. B. Spence, solicitor-general, McDonald & Willingham,* contra.

BLOODWORTH, J.   Only the 2d headnote needs elaboration. In the original motion for a new trial in this case it is urged that " the venue and jurisdiction was not proved." We cannot agree

with this contention.  A witness, after having testified that the defendant shot and killed the deceased, added: " This was in Mora, in Coffee County."  This evidence alone was sufficient to prove the venue.  In *Milchum* v. *State,* 11 *Ga.* 619 (1), Judge Nisbet, who delivered the opinion, said: " And first, it is claimed that the presiding judge erred in refusing a new trial upon the ground that it was not proven that the crime with which the prisoner was charged  was committed within the jurisdiction of the court.  By the constitution of the State it was triable alone in the county where it was committed, and the court had jurisdiction over it nowhere else; to give jurisdiction, therefore, it was necessary to prove that it was committed in the county where the court was sitting.  The court sat and the trial was had in the county of *Stewart,* and the proof was that the crime was committed *in the house of the witness, at Florence, in the county of Stewart.*  That the court was sitting in the *county of Stewart* and *State of Georgia*  was a fact known to the court from its own records and the public law.  When therefore it was proven that the crime was committed in the county of *Stewart,* it was proven that it was committed in the county in which the court entertained jurisdiction over it.  *Non constat* that there is in *Georgia* any other county called *Stewart*."  To the same effect was the holding in *Knox* v. *State,* 114 *Ga.* 272 (40 S. E. 233), the first headnote in that case being as follows: " When in the trial, in the superior court of Franklin county, Georgia, of one charged with the offense of murder, it appeared from the evidence that the accused killed the deceased at the house of the accused on the place of a named person in Franklin county, it was sufficiently shown that the homicide occurred in Franklin county, Georgia; and such evidence excluded any legitimate inference that the offense was committed in Franklin county, North Carolina, though this county may be situated not very far from the county of the same name in Georgia."  In *Perry* v. *State,* 113 *Ga.* 938 (39 S. E. 315), citing *Wright* v. *Phillips,* 46 *Ga.* 197, the Supreme Court announced the general principle that " the courts of Georgia will take judicial cognizance of the fact that a named county is within the State."

In the brief of counsel for plaintiff in error reference is made to the case of *Moye* v. *State,* 65 *Ga.* 754, and that of *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909).  In the latter case the proof

showed that the crime was committed "in the city of Atlanta," and in the former that it was committed "in the city of Americus." In each of these cases the Supreme Court held that venue was not shown. The ruling in these and similar cases was founded upon the idea that proof that the crime had been committed in a named city was not sufficient to prove that it was committed in a certain county. This ruling is not applicable to the case sub judice. Moreover, this court and the Supreme Court have each announced that if the question as to venue decided in *Moye's* case, 65 *Ga.* 754, and in *Cooper's* case, 106 *Ga.* 119 (32 S. E. 23), were now open, the ruling would be different. *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909), *Wade* v. *State,* 11 *Ga. App.* 414 (75 S. E. 494). Counsel for plaintiff in error asked that this case be certified to the Supreme Court, in order that the case of *Wright* v. *Phillips,* 46 *Ga.* 197, and "all cases based upon it, be overruled." This we refuse to do, because we think the decisions in those cases announce a proper principle of law; and since the decision in the case of *Milchum* v. *State,* 11 *Ga.* 619, was rendered the Supreme Court has consistently adhered to the principle announced therein and shown above; and since its organization, whenever this question has arisen in this court, it has done the same. Should the case be certified to the Supreme Court it would hardly overthrow a precedent which is hoary with age, and which has been frequently followed by both appellate courts of the State. In the *Mitchum* case, just referred to, the Supreme Court announced its opinion of the question under consideration in the following emphatic language (p. 619): "There is no use in discussing a question like this. If such an exception were sustainable, it could be done alone by taking leave of common sense, and by yielding the solid virtue of judicial investigation to a distinction too subtle to command the least respect."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*