### 21138. CASPER *v.* THE STATE.

DECIDED APRIL 1, 1931.

*McDonald & McDonald,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. Jim Casper was convicted in the superior court of Ben Hill county of violating the prohibition law. In his motion for a new trial it is alleged that "it was nowhere shown in the testimony that said crime, if committed, occurred in Ben Hill county, Georgia." The only proof of venue was the following testimony of the only witness sworn for the State: "I made this purchase over there at his place of business in the City of Fitzgerald." The witness, of course, had reference to the purchase of whisky from the defendant. "In a criminal case the venue of the crime must be established clearly and beyond a reasonable doubt." *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909). And it is settled law that mere proof that a crime was committed in a designated municipality is insufficient to show venue of the offense in any.

particular county. *Móye* v. *State,* 65 *Ga.* 754; *Cooper* v. *State,* 106 *Ga.* 119 (2) (32 S. E. 23); *Wooten* v. *State,* 119 *Ga.* 745 (47 S. E. 193); *Murphy* v. *State,* supra. Clearly the venue was not proved in this case, and the court erred in overruling the special ground under consideration. It is not likely that any of the questions raised by the other special grounds will recur, and the general grounds will not be discussed.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*