24821.   WHITFIELD *v.* THE STATE.

DECIDED JUNE 22, 1935.

*C. G. Battle,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J.   W. A. Whitfield was jointly indicted with others for a felony, to wit: the possession of five dynamite caps, one package of cotton, one square piece of white soap, one glass bottle containing three ounces of nitroglycerine, one roll of adhesive tape, such materials being adapted, designed, or commonly used for the commission of burglary, larceny, safe-cracking or other crime, and possessed by the defendant for the purpose of committing burglary

and larceny. Code of 1933, § 26-2701. The defendant was convicted. His motion for new trial was overruled, and he brought writ of error to this court complaining of that judgment. He submits, as one of the grounds of his motion for new trial, that the State failed to prove the venue of the crime charged against him. The State's evidence disclosed, prima facie, a mutual plan or conspiracy between defendant and several others to commit a burglary which entailed the possession of articles forbidden by law, which were named in the indictment. It is elementary, therefore, that the acts of one in carrying out the plan or scheme, that is the possession of the forbidden articles, would be the possession of all. The indictment was found and the defendant convicted in Fulton County. The evidence contained in the record which tends to bear upon the question of venue is as follows: E. G. Fitzgerald testified: "I am a member of the county police force. . . We arrested Jackson about 1303 Bankhead Highway, just outside the city limits, at a filling-station. . . Mr. Jackson was filling his Studebaker sedan with gas at this filling-station, and it was closed at the time. . . We found in that car some soap and dynamite caps, and other things. . . I found these dynamite caps and this fuse in the car; the caps were in Jackson's cap. When I arrested Jackson and got Jackson to the jail he had on a cap, and this little paper in his cap containing five dynamite caps; that was sticking in the cap. Then I goes back out there to the car, out at the filling-station, and I got a bar of soap and a fuse out of the car, after the dynamite caps were gotten off of him." Jackson, co-defendant, testified that the defendant was with him at the filling-station immediately before he was arrested.

It may be said that the testimony of Fitzgerald includes substantially the facts relied upon by the State to show the venue of the crime. There was additional testimony cumulative thereof. From this testimony can it be said that there was any evidence upon which the jury could be convinced beyond a reasonable doubt that the defendant possessed by himself or his co-conspirators any of the prohibited articles in the County of Fulton? We think not. In the trial of a criminal case the venue of the offense must be established clearly and beyond a reasonable doubt (*Murphy* v. *State*, 121 *Ga.* 142, 48 S. E. 909; *Moye* v. *State*, 65 *Ga.* 754; *Gosha* v. *State*, 56 *Ga.* 36; *Jones* v. *State*, 113 *Ga.* 271, 38 S. E. 851; *Rooks*

v. *State*, 65 *Ga.* 330) ; and while it is true that the venue may be proved by circumstantial as well as direct evidence (*Futch* v. *State*, 90 *Ga.* 472, 16 S. E. 102; *Robson* v. *State*, 83 *Ga.* 166, 9 S. E. 610; *Linder* v. *State*, 17 *Ga. App.* 520, 87 S. E. 703; *Chambers* v. *State*, 85 *Ga.* 220, 11 S. E. 653; *Bowen* v. *State*, 16 *Ga. App.* 179, 84 S. E. 793; *Dyer* v. *State*, 6 *Ga. App.* 390, 65 S. E. 42), yet, under former rulings of this court and of the Supreme Court, the evidence in this case does not reach the required standard. Proof of the commission of the crime charged, at 1303 Bankhead Highway, just outside the city limits, amounts to no proof that it was committed in Fulton County. Even if this court would judicially recognize the location of Bankhead Highway, that is, that it runs through Fulton County (and this we do not think we could legally do), there is yet entirely no proof that the point on that highway, 1303, is in Fulton County. In *Holden* v. *State*, 144 *Ga.* 338 (87 S. E. 27), it was held that proof that the body of a child was found murdered 125 yards from the house of one accused of the crime, and that the house was located in the county of the trial, was insufficient to prove the venue. In *Jones* v. *State*, supra, it was said: "On the trial of a person charged with murder, the evidence of a witness that 'I was about 50 yards from them on the public road in this county' is not sufficient proof of venue." See also *Gosha* v. *State*, supra; *Futch* v. *State*, supra; *Wade* v. *State*, 11 *Ga. App.* 411 (75 S. E. 494) ; *Willis* v. *State*, 43 *Ga. App.* 394 (159 S. E. 141). Even had the evidence disclosed that the crime was committed in the City of Atlanta on Bankhead Highway, under rulings of this court and of the Supreme Court this would not be sufficient proof that the crime was committed in Fulton county. See *Carter* v. *State*, 48 *Ga.* 43; *Cooper* v. *State*, 106 *Ga.* 119 (32 S. E. 23) ; *Wooten* v. *State*, 119 *Ga.* 745 (47 S. E. 193) ; *Moye* v. *State*, supra; *Stringfield* v. *State*, 4 *Ga. App.* 842 (62 S. E. 569) ; *Casper* v. *State*, 43 *Ga. App.* 152 (157 S. E. 883) ; *Avera* v. *State*, 25 *Ga. App.* 276 (103 S. E. 94). Nor does the above evidence "strongly and decidedly tend to show that the offense was committed in the county where the trial was had." *Womble* v. *State*, 107 *Ga.* 666 (33 S. E. 630) ; *Lee* v. *State*, 176 *Ga.* 215 (167 S. E. 507). Learned counsel for the State recognizes the weakness of the State's case in this respect, and makes the point, since the officers making the arrest were officers of Fulton County (while

this fact is not shown in the record of the evidence, the trial judge attached to this ground a note that while testifying on the stand they wore badges of the Fulton County police force), and one of them having testified that "the interest I have in this case is that of a county officer doing my duty," that it is to be presumed under this testimony, and under the familiar principle that public officers are presumed to do their duty as prescribed by law, that the arrest and the possession were in Fulton County. To this we can not agree. To hold that the venue was proved by such evidence would be going beyond the bounds of all reason. This presumption is generally indulged only where the legality of an act of a public official is questioned; and although it is available to one whose right is dependent thereon, it can not be used as a substitute for a definite and material fact, "nor will it avail to supply a fact which the official record affirmatively shows to be absent." 22 C. J. 135. Consequently we can not hold with a clear judicial conscience, even admitting that the officers making the arrest were officers of Fulton County, and they testified that in making the arrest they were doing their duty as officers, that this is sufficient proof that the arrest and possession of the unlawful articles were in Fulton County. It might well be asked: Could it be said to be a violation of duty of a public officer of Fulton County, discovering the commission of a crime in his presence but in an adjoining county, to arrest the offender? See Code of 1933, § 27-207. For the reason above pointed out we think the trial judge erred in overruling the motion for new trial.

The remaining headnotes need no elaboration.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*