24977, 24978.   GIBSON *v.* THE STATE.

298

DECIDED DECEMBER 19, 1935.

*Feagin & Feagin,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

MACINTYRE, J. The controlling question in each of these cases is whether the venue of the crime was sufficiently proved. The only direct testimony on the subject was that it was committed in front of the third house from 501 Smith St., East Macon. "The venue of a crime must be established clearly and beyond all reasonable doubt." *Gosha* v. *State,* 56 *Ga.* 36. It seems to be judicially established that if the county is named in the evidence, the State will indulge the presumption that it is a county of this State, and if the name mentioned in the evidence is the county of the trial, the court will assume that this is the county referred to. *Mitchum* v. *State,* 11 *Ga.* 615, 619; *Knox* v. *State,* 114 *Ga.* 272 (40 S. E. 233); *Lewis* v. *State,* 129 *Ga.* 731 (2) (59 S. E. 782); *Walker* v. *State,* 30 *Ga. App.* 275 (117 S. E. 822). Thus "upon proof that the offense was committed in Berrien County, the presumption arises that the county referred to is in the State of Georgia." *Lewis* v. *State,* supra. "If the evidence had been that the crime was committed in Atlanta [Macon]

Georgia, the court would take judicial notice of the fact that Atlanta [Macon] Georgia is in Fulton [Bibb] County." *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909) ; *Cooper* v. *State,* 106 *Ga.* 119, 120. "In this city" has been construed to mean in the city of the trial. *Beatty* v. *Atlanta,* 15 *Ga. App.* 515 (83 S. E. 885). Where the proof was that the crime was committed at "a colored church in the edge of Tifton, in Berrien County, about half a mile from the courtroom, this was a sufficient designation that the church was included within the limits of the City of Tifton." *Lewis* v. *State,* 124 *Ga.* 62 (52 S. E. 81). However, both the Supreme Court and this Court have consistently ruled, since the case of *Moye* v. *State,* 65 *Ga.* 754, that proof that an offense was committed in a designated municipality is not of itself sufficient to show venue in any particular county of this State. Thus proof that the crime was committed "in the lumber yard of a Mr. Sloan in the city of Americus" was not sufficient proof of venue. *Moye* v. *State,* supra. Proof that the crime was committed "in the city of Atlanta was not sufficient proof of venue." *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909). Nor that the crime was committed "in Lawrenceville in front of Dan Rutledge's store." *Cooper* v. *State,* 106 *Ga.* 119, 120 (32 S. E. 23). Nor that the crime was committed "in the Southern Yards in Macon." *Smith* v. *State,* 2 *Ga. App.* 413, 414 (58 S. E. 549). Nor that the crime was committed "over there at his [defendant's] place of business in the city of Fitzgerald." *Casper* v. *State,* 43 *Ga. App.* 152 (157 S. E. 883). More than once this Court has observed that if the question were open in this State and not foreclosed by the former decisions of the Supreme Court, the Court would adopt a different view of the matter. See *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909) ; *Smith* v. *State,* 2 *Ga. App.* 414 (58 S. E. 549) ; *Wade* v. *State,* 11 *Ga. App.* 411 (8), 414 (75 S. E. 494). Under the decisions referred to above, especially those of the Supreme Court, we are constrained to hold that in each of these cases there was not sufficient proof that the crime, if committed by the defendant, was committed in Bibb County; and that the State has failed to prove the venue.

Headnotes 2, 3 and 4 need no elaboration.

It is not likely that any of the questions raised by the other special grounds will recur on another trial, and the general grounds

will not be discussed. The cases are reversed for the reason that the State did not sufficiently establish the venue.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*