## 29294. DAVIS v. THE STATE.

GARDNER, J. 1. While proof "that an offense was committed in a designated municipality is not in itself sufficient to show venue in any particular county of this State" (*Casper* v. *State*, 43 *Ga. App.* 152, 157 S. E. 883; *Moye* v. *State*, 65 *Ga.* 754; *Cooper* v. *State*, 106 *Ga.* 119 (2), 32 S. E. 23; *Wooten* v. *State*, 119 *Ga.* 745, 47 S. E. 193; *Murphy* v. *State*, 121 *Ga.* 142, 48 S. E. 909; *Smith* v. *State*, 2 *Ga. App.* 413, 58 S. E. 549; *Stringfield* v. *State*, 4 *Ga. App.* 842, 62 S. E. 569; *Walker* v. *State*, 30 *Ga. App.* 275, 277, 117 S. E. 822), yet where the witness testified, during the trial of the defendant on a charge of bigamy alleged to have taken place in DeKalb County, Georgia, that "I married her [the defendant] here at Decatur . . *here* in Decatur, out here at Guy Chambers," the designation of the municipality of Decatur as the place where the offense occurred was sufficient to show venue, since the evidence was sufficient to show that the municipality in question was that of the site of the County of DeKalb where its superior court was in session and was trying the defendant, and since this court will take judicial notice that Decatur is the site of the County of DeKalb, that Decatur is wholly within the County of DeKalb, and that DeKalb County is within the State of Georgia. *Porter* v. *State*, 76 *Ga.* 658 (2); *Lewis* v. *State*, 129 *Ga.* 731 (2) (59 S. E. 782); *Mitchum* v. *State*, 11 *Ga.* 615, 619; *Wright* v. *Phillips*, 46 *Ga.* 197 (2); *Beatty* v. *Atlanta*, 15 *Ga. App.* 514, 519 (83 S. E. 885); *Riggins* v. *State*, 17 *Ga. App.* 331 (86 S. E. 736); *Dickerson* v. *State*, 186 *Ga.* 557, 562 (199 S. E. 142).

2. The evidence of a more recent marriage to another witness, after the alleged bigamous marriage in question, was admissible to show motive, intent, purpose, scheme, or design, notwithstanding the criticism that such evidence placed the defendant's character in issue.

3. The evidence was sufficient to support the verdict. Though the defendant admitted the fact of the marriage charged to have been bigamous, and insisted that she had been informed that her first and valid marriage had been dissolved by a divorce obtained in another State, the jury had the right to reject, and by their verdict did reject, the part of her statement that her first marriage had been legally dissolved.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 25, 1941. REHEARING DENIED NOVEMBER 26, 1941.

*James R. Venable, Frank A. Bowers, Robert F. Morgan, Paul R. Astin,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.