## 33767. WITCHER *v*. THE STATE.

DECIDED JANUARY 24, 1952.

*Irwin R. Kimzey, C. H. Edwards, J. H. Crutchfield, Kimzey & Kimzey*, for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Sidney O. Smith Jr.*, contra.

MACINTYRE, P. J. The defendant, Charles Witcher Jr., was indicted in the Superior Court of White County for murder and convicted of involuntary manslaughter in the commission of an unlawful act. The defendant's challenge to the array of jurors put upon him was overruled and he preserved his exceptions to such ruling of the trial court. His motion for a new trial, based upon the usual general grounds and nine special grounds, was overruled and he excepted.

■ Proof that the crime was committed "about a half mile below the city limits of Cleveland" is not proof of venue in

White County, Georgia. Upon proof that the offense was committed in the named county, the presumption arises that the county referred to is in this State. If the proof had shown that the crime was committed in White County, it would have been sufficient to show venue in White County, Georgia. *Lewis* v. *State*, 129 *Ga.* 731 (2) (59 S. E. 782); *Gibson* v. *State*, 52 *Ga. App.* 297 (183 S. E. 83). Or, if the proof had been that the crime was committed in the town or city of Cleveland, Georgia, the trial court could have taken judicial cognizance of the charter of Cleveland, Georgia, and its contents as stated in the Georgia statute, granting such charter, including the location of the boundaries of such city, and since the charter designates Cleveland, Georgia, as being in White County, the court could take judicial notice that White County is in Georgia and that the crime was committed in that county. "However, both the Supreme Court and this court have consistently ruled, since the case of *Moye* v. *State*, 65 *Ga.* 754, that proof that an offense was committed in a designated municipality is not of itself sufficient to show venue in any particular county of this State. Thus proof that the crime was committed 'in the lumber yard of Mr. Sloan in the city of Americus' was not sufficient proof of venue. *Moye* v. *State*, supra. Proof that the crime was committed 'in the city of Atlanta was not sufficient proof of venue.' *Murphy* v. *State*, 121 *Ga.* 142 (48 S. E. 909). Nor that the crime was committed 'in Lawrenceville in front of Dan Rutledge's store.' *Cooper* v. *State*, 106 *Ga.* 119, 120 (32 S. E. 23)." *Gibson* v. *State*, supra.

This case is differentiated from the case of *Porter* v. *State*, 76 *Ga.* 658, in that in that case the venue was made certain by the defendant's statement; the defendant there was charged with larceny from the house in stealing from the courthouse of Habersham County certain property belonging to the county, and the venue was laid in that county. In his statement to the jury the defendant stated: "I was at work on the jail *here* in this place"; and the Supreme Court in passing on the question asked: "What place?" and answered, "Of course, the place where the case was being tried, which is Clarkesville, the county site of Habersham, and this court will officially know that this case was tried there, and that Clarkesville is the place where the court sits for Haber-

sham county." See *Beatty* v. *City of Atlanta*, 15 *Ga. App.* 515, 518 (83 S. E. 885).

The instant case is also differentiated from the case of *Davis* v. *State*, 66 *Ga. App.* 214 (1) (17 S. E. 2d, 554), where there was evidence introduced during the trial that the crime was committed "here in Decatur," and the charter of Decatur showed that all of the city of Decatur was in DeKalb County, Georgia. Thus the court in that case could take judicial cognizance of the fact that Decatur is in DeKalb County and that DeKalb County is in Georgia, and the proof in that case was, therefore, sufficient to show that the crime was committed in DeKalb County, Georgia.

This case is also differentiated from the case of *Seaboard Air-Line Ry.* v. *Peeples*, 12 *Ga. App.* 206, 208 (77 S. E. 12) in that in that case there was undisputed evidence that the tort was committed "between Kingsland and the St. Mary's River" and the court said in that case: "The courts take judicial notice of incorporated towns and of the boundaries of counties. From the Acts of 1908 (p. 815) we know, as did the trial judge, that Kingsland is in Camden County. It is also a matter of judicial knowledge that the St. Mary's River is the southern boundary of Camden County. Hence the tort, if committed at all, must have been committed in Camden County." The evidence in that case showed that the tort was committed between two termini as to the locations of which the court could take judicial cognizance. No such situation as that is presented in the present case.

"The courts of Georgia will take judicial cognizance of the fact that a named county is within the State. *Wright* v. *Phillips*, 46 *Ga.* 197. And when it is shown that a given town is in the State, the court will take judicial notice of the county in which such town is located. *Clayton* v. *May*, 67 *Ga.* 769; *Cent. R. Co.* v. *DeBray*, 71 *Ga.* 406 (2); *Cooper* v. *State*, 106 *Ga.* 120. But the courts can not know judicially that a named town is in the State, for there may be towns of the same name in other States." *Perry* v. *State*, 113 *Ga.* 936, 938 (39 S. E. 315).

The fact that there was other evidence that the crime was committed "about a mile and half, just out of Cleveland, on U. S. 129," does not change the situation, under the ruling of

this court in *Whitfield* v. *State,* 51 *Ga. App.* 439, 442 (180 S. E. 630); and, under the decisions of this court and those of the Supreme Court especially, we are constrained to hold that there was no sufficient proof in this case that the crime was committed in White County, Georgia, and since the State failed to prove the venue the case must go back for another trial.

■ The contention of the defendant, in special grounds 1 and 2, that the evidence did not authorize a charge on accident is not meritorious.

■ The contention of the defendant, in special grounds 3 and 4, that the charge of the court on circumstantial evidence is not a correct abstract principle of law is not meritorious.

■ The court's inadvertent restriction of the evidence to be considered by the jury to the testimony delivered from the stand is not likely to recur upon another trial and special ground 5 is not here passed upon.

■ It does not appear from special ground 6 that at the time the trial court ruled out the question of counsel for the defendant, posed to the witness Hedden on cross-examination, that counsel for the defendant made it apparent to the trial court, nor was it otherwise apparent, how such question was relevant and material to the issues of the case, and this ground being incomplete in that regard will not be considered.

■ The points raised in special ground 7 on the challenge to the array have recently been adversely decided to the contention of the defendant in *Reece* v. *State,* 208 *Ga.* 165 (66 S. E. 2d, 133).

■ The assignment of error upon the State's failure to prove the venue of the crime, as complained of in special ground 9, has been disposed of in our consideration of the general ground in division 1 of this opinion.

The court erred in overruling the motion for a new trial for the reasons stated in division 1 of this opinion.

*Judgment reversed. Gardner and Townsend, JJ., concur.*