WESLEY GOSHA, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. An infant under ten years of age cannot consent to sexual intercourse, and the fact that such is her age is conclusive that the act is done forcibly and against her will.

2. The venue of a crime must be established clearly and beyond all reasonable doubt; and where there is no positive proof that the offense was committed in the county of Sumter, but the only proof of the place is that it was within fifty yards of a residence in Sumter county, it does not affirmatively appear with sufficient certainty that the crime was committed within the jurisdiction of the court, and therefore a new trial must be awarded.

Criminal law. Rape. Infant. Venue. Before Judge CLARK. Sumter Superior Court. October Term, 1875.

Reported in the opinion.

ALLEN FORT; J. R. MCCLESKEY, for plaintiff in error.

C. F. CRISP, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted and found guilty of rape. He moved for a new trial, and error is assigned here on two grounds: first, that the court erred in charging that a female child under ten years of age could not consent to sexual intercourse, so as to show that the act was not done forcibly or against her will, there being some proof of her consent; and secondly, because the venue was not sufficiently proven; and these are the two questions the record before us makes.

1. As to the first question, the rule at common law is well established, and we think founded in wisdom: See 4 Blackstone, (Cooley) 210, 212. It has also, in effect, received the sanction of this court: *Stephens vs. The State,* 11 *Georgia Reports,* 238. We shall not disturb it. That rule is, that her tender years concludes the question—she cannot consent.

2. In respect to the second point, we think that it does not appear affirmatively, with sufficient certainty, that the crime

was committed in the county of Sumter. There is no positive proof in the record of the precise *locus*—the place where it occurred. It was within fifty yards of a residence, and that residence was within the county of Sumter; but there is no proof whether on the line, or near the line, or in the centre, or in what part of the county that residence was. It might have been within twenty yards of the line. We are constrained, therefore, to grant a new trial in this case on this ground, and do so the more readily because we think that the court below was rather severe in the penalty inflicted, twenty years in the penitentiary. The defendant was only some sixteen years old; the girl probably did consent; and while the law renders that no justification, as she was under ten, yet, perhaps, it should so mitigate the crime as to make the punishment lighter. At all events, we give him another opportunity of being heard before the jury and of appeal to the tender mercies of the court below. The parties all belong to the colored population of our state, who, owing to their ignorance, as a general rule, should have justice administered to them tempered with much mercy.

Judgment reversed.