JOHNSON *vs.* THE STATE OF GEORGIA.

62  299
107  669
62  299
121  140

1. Evidence that a defendant on trial for forgery lived in the county of the trial, and within it admitted the forgery, is sufficient proof of venue to support a verdict of guilty, there being no evidence that defendant had ever been out of the county.
2. A verdict of guilty of forgery, under §4451 of the Code, could be founded on the following paper: "Mr. Stokely, you can let Griffin trade, you can give him of his own, he have got a good crop, if you

choose you gave him account of his own charge. Your G. W. Turner." Although the indictment called this an "order in writing," yet a conviction might be had under that section, and not §4442.

Criminal law.   Venue.   Before Judge POTTLE.   Oglethorpe Superior Court.   October Term, 1878.

The only evidence as to venue was that defendant lived with Turner in Oglethorpe county, that on the road between two points in that county he admitted the forgery, and that "he said he wrote it going on to the depot." [Whether the saying or the writing is located "on the road to the depot," is doubtful.]   For the other facts, see the decision.

W. G. JOHNSON ; POPE BARROW, for plaintiff in error, cited as follows :  On venue, 2 Bish. Cr. Proc. (2d ed.), §§475–478 ; 5 Pick., 259.  On nature of paper, Code, §§4442–4459 ; 1 Bish. Cr. L. (4th ed.), §§342, 343, 347 ; 51 *Ga.*, 535 ; 2 Bish. Cr. L. (4 ed.), §§495, 503, 504, 506, 511–513 ; 1 *Ib.*, §1008 ; 8 Barb., 560 ; 37 Tex., 591.

SEABORN REESE, solicitor general, for the state, cited (on venue) 2 Bish. Cr. Proc., 428 *et seq.*   On nature of paper, 56 *Ga.*, 171 ; 2 Bish. Cr. L. (3 ed.), 499 *et seq.*; 1 *Ib.*, 1008 ; 30 *Ga.*, 129.

WARNER, Chief Justice.

The defendant was indicted for the offense of forgery, and the indictment contained two counts, in the first of which he was charged with having falsely and fraudulently made, forged and counterfeited a certain order in writing as follows, to-wit :  "Mr. Stokely, you can let Griffin trade, you can give him of his own, he have got a good crop, if you choose you gave him account of his own charge.  Your G. W. Turner."  In the second count of the indictment, the defendant was charged with having falsely and fraudulently uttered, published and passed as true said forged and counterfeited order in writing.  On the trial of the case,

the jury, under the charge of the court, found the defendant guilty on the first count in the indictment. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

1. It appears from the evidence in the record that the defendant lived with Turner in this county (the case was being tried in Oglethorpe county), and that he told Turner in the road to Lexington that he wrote it, Lexington being the county-site of Oglethorpe county as declared by the laws of the state. We think there is sufficient evidence in the record to authorize the jury to find that the writing and signing of the paper set forth in the indictment was done by the defendant in Oglethorpe county, the evidence being that he lived in that county, and there being no proof that he was ever in any other county.

2. The paper set forth in the indictment is called an " order in writing," but it is not such an order in writing for money, or goods, or other things of value, as is contemplated in section 4442 of the Code. The defendant is indicted under the 4451st section for forging " any other instrument not herein provided for, with intent to defraud any person," and the instrument is fully described and set forth in the indictment. The fact that it is called an order in writing, does not make it so, or change its legal effect. What then is the character of the paper alleged to have been forged by the defendant? In our judgment, it is an assertion or recommendation that the defendant is entitled to be credited in the way of trade with Stokely for a reasonable amount in view of the crop he was making. Stokely did let him have goods on a credit to the amount of between $12.00 and $17.00, and would not have let defendant have the goods if Turner's name had not been on the paper, and the question is, could Turner have been made liable to Stokely for the value of the goods sold by him to the defendant on the faith of that paper if it had been signed by Turner, and the representations made in it had been untrue? We think that he could, according to the ruling of this court in *Glover vs*

*Townsend et al.*, 30 *Ga.*, 90, and that being so, the defend-ant was properly convicted under the provisions of the 4451st section of the Code.

Let the judgment of the court below be affirmed.