MOYE *vs.* THE STATE OF GEORGIA.

1. In a criminal case, the venue of the crime must be proved beyond a reasonable doubt.
2. To constitute larceny from the person it must appear that some article of value was wrongfully and fraudulently taken from the person of another privately and without his knowledge, with intent to steal the same. This crime cannot be completed if the owner of the property had knowledge that it was being taken.

Criminal law. Venue. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1879.

Reported in the decision.

E. G. SIMMONS, for plaintiff in error.

C. B. HUDSON, solicitor-general, for the state.

CRAWFORD, Justice.

The defendant in the court below was indicted for the offense of " larceny from the person," and upon being convicted moved a new trial, because the testimony did not show that the offense was committed in the county of Sumter; and further, because the proof showed that if defendant were guilty of any offense it was not larceny from the person.

1. An examination of the testimony sent up with the record shows that the only proof touching the venue was, that the crime was committed in the lumber-yard of a Mr. Sloan, in the city of Americus; but it is nowhere shown that it was committed in the county of Sumter, where the defendant was tried. This must be done clearly and beyond all reasonable doubt. 56 *Ga.*, 36.

2. To constitute larceny from the person, it must appear that some article of value was wrongfully and fraudulently taken from the person of another *privately and without his knowledge*, with intent to steal the same.

The prosecutor swears that at the time of the commission of the act he "was intoxicated, but not so drunk as not to know what was going on, and when he took the money from his vest pocket, he consented for him to do it, and if he had paid it back it would have been all right; did not consent for defendant to take the money out of his pocket, but did not object to his taking care of it, after he had taken it out."

This testimony is not sufficient to show that the taking was done privately and without the knowledge of the owner.

This case comes before us quite unsatisfactorily to enable us to arrive accurately at what was done on the trial, both as to the evidence and the grounds of the motion for a new trial. But we rule the case by the record.

Judgment reversed.