## WOMBLE *v.* THE STATE.

1. No question as to the legal sufficiency of an indictment can be properly raised in a motion for a new trial.

2. There was, on the trial of an indictment charging that the accused forged an assignment on the back of a promissory note, no error in admitting in evidence an original note, with an assignment thereon, corresponding with the instrument described in the indictment, when there was positive proof of the execution by the accused of the note tendered in evidence, and also testimony tending to show that he forged the name of the person purporting to have been signed to the assignment on the back thereof. The above is true though it be alleged in the motion for a new trial that the note was tendered in evidence solely "for the purpose of proving the venue," and that it "did not show where the assignment on the said note was made."

3. When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved.

4. Proof of the uttering of a forged instrument, in connection with testimony pointing directly to the accused as the author and sole beneficiary of the forgery, will, when there is no evidence suggesting that the forging was done by another, support a conclusion that the accused was the forger.

5. Newly discovered evidence, the only effect of which would be to impeach a witness, is not cause for a new trial, when it is manifest that by the exercise of even a slight degree of diligence the evidence in question might have been produced at the trial.

Submitted March 6, — Decided March 15, 1899.

Indictment for forgery. Before Judge Reagan. Upson superior court. November term, 1898.

*M. D. Womble* and *M. H. Sandwich*, for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* contra.

LUMPKIN, P. J. 1. This was an indictment charging Abner Womble with the forgery of an assignment upon the back of a promissory note executed by him and payable to Elizabeth Johnson, the same being an assignment to R. A. Matthews & Company purporting to have been signed by the payee of the note. There was no demurrer to the indictment, but in one ground of the motion for a new trial filed by the accused after his conviction it was alleged generally, without stating in what respect the indictment was defective, that the same was insufficient in law. Manifestly, this is not the proper method of attacking an indictment.

2. It appeared on the trial that Womble executed a promissory note for $45.00, payable to Elizabeth Johnson, of whom he was a tenant; that he took this note to Matthews & Co., who were merchants, and they promised to advance him supplies upon the same if he would procure Mrs. Johnson to sign a printed form of transfer on the back of the note in the following words: "For value received, I hereby assign and endorse the within landlord lien and mortgage to R. A. Matthews & Company, and I guarantee the payment of the within lien and mortgage and hereby waive my claim for rent until this debt is paid, waiving all statutory exemptions as to this debt."

It was further shown that Womble went off with the note; that subsequently it came into the possession of Matthews & Co., with the name of Mrs. Johnson written beneath the printed words above quoted, and that upon the faith thereof they advanced supplies to Womble. · She testified positively that she neither herself signed her name to the assignment nor authorized any one to do so for her. It does not affirmatively appear that Womble himself brought back the note and delivered it to Matthews & Co., or how it came into their possession after the name of Mrs. Johnson was affixed to the assignment on the back thereof. It does appear, however, that before obtaining goods upon the note Womble had signed his own name to another printed form on the back of the note, in the following words: "I consent and agree to the above transfer and assignment, and hereby attorn to R. A. Matthews & Company as my landlords." This printed form immediately followed the assignment to which Mrs. Johnson's name was written. Considered as a whole, the evidence points to no other conclusion except that Womble himself delivered the note to these merchants and procured supplies on the faith thereof.

During the progress of the trial, an original promissory note answering to the description above set forth was admitted in 'evidence over the objection of counsel for the accused. The motion for a new trial recites that this note was tendered solely for the purpose of proving the venue, and the objection to its admission was that it did not show where the name of Mrs. Johnson was affixed to the assignment appearing on the back thereof. It is inexplicable why this instrument should have been offered for the one purpose stated; but be this as it may, the note with the entries thereon was clearly admissible as having a direct bearing upon the issues involved in the case. We will not, therefore, reverse the judgment merely because the court, as the plaintiff in error insists, admitted this evidence upon a mistaken idea of its materiality concerning the question of venue. Moreover, as will presently appear, it did in fact have a slight bearing upon that question. It is proper to state further, in this connection, that the execution of the note itself by Womble was unequivocally shown. This

fact and the circumstantial evidence tending to show that he forged the name of Mrs. Johnson to the assignment was certainly enough to render the paper admissible in evidence.

3. It appeared that Mrs. Johnson resided in Upson county; that Womble was a tenant living upon a portion of her land, and the note above mentioned began with the words: "Thomaston, Upson Co., Feby. 2nd, 1897." It was further shown that Matthews & Co. were merchants doing business in Thomaston. It will thus be seen that all the evidence relating to the venue tends to show that the offense charged against the accused, if committed at all, was committed in the county of Upson. There was no evidence in the slightest degree tending to show that it was committed elsewhere. We therefore think the venue was sufficiently established. In this connection, see *Johnson* v. *State* 62 *Ga.* 299, and *Smiley* v. *State*, 66 *Ga.* 754.

4. As will have been seen from what is said above, Womble executed the note to which reference has been made, and attempted to procure credit upon the faith of it; subsequently, according to the undisputed evidence, Mrs. Johnson's name was forged by some one to the assignment on the back of the note; he thereafter obtained goods on the faith of this instrument, and thus became the sole beneficiary of the forgery. There is in the record no proof in the slightest degree indicating that any one else committed the forgery or had an opportunity to do so. While, as above stated, there was no direct and positive evidence that Womble, after the forgery had been committed, himself delivered the paper to Matthews & Co., all the circumstances point with conclusive and almost unerring certainty to him as the person who did so. We are therefore of the opinion that the evidence, as a whole, warranted the verdict of guilty. The case in many respects is similar to that of *Shope* v. *State*, 106 *Ga.* 226.

5. The accused also insisted that he was entitled to a new trial because of newly discovered evidence, and, in support of this ground of his motion for a new trial, offered an affidavit of Mrs. N. V. Dickerson to the effect that Mrs. Johnson had admitted to the affiant authorizing Miss Clemmie Johnson

to sign the name of Mrs. Johnson to the assignment on the back of the note in question. It appears, however, that Womble must have known before his trial what Mrs. Dickerson would swear in this respect, for he moved to continue the case on account of her absence. We are therefore constrained to hold that the ground of the motion relating to newly discovered evidence would not authorize the granting of a new trial. The alleged newly discovered evidence was of an impeaching character, and doubtless could have been produced at the trial by the exercise of proper diligence. If the court erred in not granting the continuance asked, this should have been made a distinct ground of exception.

*Judgment affirmed. All the Justices concurring.*