## HARRIS *v.* THE STATE.

What are commonly called the general grounds of a motion for a new trial, that is, those complaining that the verdict is contrary to the evidence, without evidence to support it, etc., contain no recital of fact which requires a verification by the trial judge in order to authorize such grounds to be entertained.    It therefore follows that it is error to dismiss a motion for a new trial based upon such grounds, solely for the reason that they have not been approved by the trial judge.

Submitted April 23,—Decided May 10, 1904.

Motion for new trial.    Before Judge Hobbs.    City court of Albany.    March 14, 1904.

*S. J. Jones,* for plaintiff in error.
*John D. Pope, solicitor,* contra.

Совв, J.    The accused was convicted, in the city court of Albany, of the offense of pointing a weapon at another.    He filed a motion for a new trial in due time during the term at which the verdict was rendered.    The motion contained three grounds, as follows: (1) Because the verdict is contrary to evidence, and without evidence to support it.    (2) Because the verdict is decidedly and strongly against the weight of evidence.    (3) Because the verdict is contrary to law and the principles of justice and equity.    The motion was not heard during the term, but by order was set down for a hearing in vacation on a given day ; and at the time fixed for the hearing the court, upon motion of counsel for the State, dismissed the motion for a new trial upon the sole ground that it had not been approved by the court during the term at which it was filed.    This ruling is assigned as error.

A ground of a motion for a new trial which contains a statement of fact should not be considered unless that statement is shown to be true by a certificate of the trial judge. Hence the general rule is that before grounds of a motion for a new trial can be considered they must be approved by the trial judge. But this rule does not apply to any ground which does not contain an affirmative statement of fact which is material to the determination of the error assigned in the ground. None of the grounds above set forth contain any statement of fact at all. They merely set forth reasons addressed to the discretion of the trial judge why the verdict should be set aside. There is nothing in any of these grounds which requires the approval of the trial judge. Therefore such approval was not necessary, and it was error to dismiss the motion because it did not appear that the judge had approved the grounds.

In reference to the third ground, it is not considered inopportune to state that the first part, which alleges that the verdict is contrary to law, does not contain any assignment of error which can be properly considered (*Kelly* v. *Strouse*, 116 *Ga.* 896, and cit.); and the second part, that the verdict is contrary to the principles of justice and equity, has no appropriate place in a motion for a new trial in a criminal case.

*Judgment reversed. All the Justices concur.*