### 2084.  MINTER *v.* THE STATE.

The decision in this case is controlled by the rulings of the Supreme Court in *Gosha* v. *State,* 56 *Ga.* 36, and of this court in *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549), and *Stringfield* v. *State,* 4 *Ga. App.* 842 (62 S. E. 569).

Accusation of sale of liquor; from city court of Monticello—Judge Thurman. July 28, 1909.

Argued October 25,—Decided November 9, 1909.

*Doyle Campbell,* for plaintiff in error.

*Greene F. Johnson, solicitor,* contra.

RUSSELL, J. It is unnecessary to consider the numerous special assignments of error presented in the record. The venue was not sufficiently established to show the jurisdiction of the court. All that appears in the record upon this subject is found in the direct examination of the first witness for the State, who testified as follows: "My name is Rich Ross. I live in Monticello and know Wallace Minter. One Sunday I gave Wallace Minter $1.25, and he went off and got some whisky for me. I found him sitting on the side of the road in Jasper county, Ga. I got a quart of corn whisky. It was in February of this year." It can not be conclusively presumed from the fact that the witness found the defendant

sitting on the side of the road in Jasper county, Georgia, that it was at that point that he gave him the money, or that he returned to that same point and delivered the whisky; and, therefore, it was not beyond a reasonable doubt that the sale, if one was had, took place in Jasper county. It was Sunday, and he may have taken a Sabbath day's journey before he gave him the $1.25, or they might have gone beyond the limits of Jasper county after the money was given to him, before he brought back the whisky in return. A presumption might be indulged that the witness lived in Monticello, and, from the fact that the defendant seems to have received some whisky there, that the defendant also lived in Monticello; and therefore, geographically (but not judicially), we might infer that the sale, if any took place, occurred in Jasper county. See *Moye* v. *State,* 65 *Ga.* 754; *Cooper* v. *State,* 106 *Ga.* 120 (32 S. E. 23). Following the rulings in these cases, we held in *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549), that the venue was not sufficiently proved, where the evidence supported the inference that a car had been broken in or near the city of Macon, Bibb county, Georgia, though, in following the binding precedents, we suggested legislation to the effect that a new trial should not be required upon the ground that the venue had not been sufficiently proved, in such cases as these, unless the point was insisted upon at the trial, before verdict. This case is very similar to the *Gosha* case, 56 *Ga.* 36, where proof that the crime was committed within fifty yards of a residence which was in Sumter county was held to be insufficient. In that case the judgment was reversed because, as Judge Jackson said: "There is no positive proof in the record of the precise locus, —the place where it occurred. It was within fifty yards of a residence in Sumter county, but there is no proof whether on the line or near the line or in the center, or in what part of the county that residence was. It might have been within twenty yards of the line." And so in this case, the defendant was found on a road in Jasper county, Georgia. It may have been just a few feet from the line. The witness and the defendant may have gone that few feet and been beyond the limits of Jasper county before any mention was made of the whisky transaction. Under the ruling of the Supreme Court in the *Gosha* case, supra, we have no option other than to give the defendant another opportunity of being heard before the jury.                    *Judgment reversed.*