### HOLDEN v. THE STATE.

FISH, C. J.   1.   One of the grounds of the motion for a new trial was that "the venue was not proven; movant insists that there is no evidence that if there was an unlawful killing, it was shown to be in Gilmer county." The indictment charged that the accused killed and murdered "an infant male child, the child of Dovie Cochran, whose name is unknown to the grand jury," in the county of Gilmer.   The only evidence as to the venue was the testimony of a physician, who testified that he knew the accused Joe Holden, and Dovie Cochran, and that "I know where they live, and it is in Gilmer county.   I was at the place where they lived last Saturday; I was called there by Coroner Cantrell; I found a dead child about one hundred and twenty-five or fifty yards from the house."   Under former rulings of this court, this evidence was not sufficient to establish clearly and beyond a reasonable doubt that the child was killed in the county of Gilmer.   *Futch* v. *State,* 90 *Ga.* 472 (2), 476 (16 S. E. 102), and cases cited.

2.   "It is left to the sound discretion of the trial court to determine whether or not a child of tender years is a competent witness; and where the

court examines a child as to its understanding of the nature of an oath and decides that it is competent to testify, this court will not interfere, where it does not appear that such discretion has been manifestly abused. Civil Code, §§ 5862, 5865; *Moore* v. *State*, 79 *Ga.* 498 (3), 502 (5 S. E. 51); *Beebee* v. *State*, 124 *Ga.* 775 (53 S. E. 99); *Young* v. *State*, 125 *Ga.* 584 (4), 586 (54 S. E. 82).

(a) "It does not appear that the judge manifestly abused his discretion in permitting a child of tender years to testify in this case, after an examination before the court as to the child's competency." *Richardson* v. *State*, 141 *Ga.* 782 (82 S. E. 134).

3. The indictment was for murder, and charged that the accused "killed an infant male child, the child of Dovie Cochran, whose name is unknown to the grand jury." On the trial there was no evidence as to the sex of the child alleged to have been killed. *Held*, that the failure to prove the identity of the child as laid in the indictment was cause for a new trial. *Johnson* v. *State*, 73 *Ga.* 128; *Berrien* v. *State*, 83 *Ga.* 381 (9 S. E. 609); *Green* v. *State*, 95 *Ga.* 463 (22 S. E. 289); *Robertson* v. *State*, 97 *Ga.* 206 (22 S. E. 974); *Johnson* v. *State*, 119 *Ga.* 257 (45 S. E. 960); *Hall* v. *State*, 120 *Ga.* 142 (47 S. E. 519); *McLendon* v. *State*, 121 *Ga.* 158 (48 S. E. 902).

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

ATKINSON, J., specially concurring. The evidence authorized the judge to hold the witness competent to testify. The word "discretion" is not accurately employed, although it has been so employed in other cases.

NOVEMBER 13, 1915.

Indictment for murder. Before Judge Patterson. Gilmer superior court. June 16, 1915.

*George D. Anderson, N. A. Morris,* and *Clark Ray,* for plaintiff in error. *Clifford Walker, attorney-general, Herbert Clay, solicitor-general,* and *Mark Bolding,* contra.