### DICKERSON *v.* THE STATE.

558

*J. W. McDonald, D. E. Griffin, C. W. Bussell,* and *W. V. Rigsby,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Allan C. Garden, solicitor-general, Harvey L. Jay, E. J. Clower,* and *Duke Davis,* contra.

ATKINSON, Presiding Justice. Tom Dickerson was indicted for murder of an infant by strangulation with a rope and other means to the grand jurors unknown, alleged to have been committed in Ben Hill County, Georgia. A verdict was returned, finding him guilty, without recommendation. The exception is to a judgment overruling the defendant's motion for a new trial, based on the general grounds, and a special ground that the evidence was insufficient to prove the venue, and a ground complaining of the judge's charge to the jury.

■ The judge gave the following instruction: "Now, gentlemen, as stated before to you, this defendant is upon trial solely upon the charge of murder, and you are to determine from the evidence whether or not he is guilty of that offense. There may have been evidence adduced to you showing facts which would tend to establish guilt of some other offense. If any evidence of that character was admitted, it was admitted solely for the purpose, and you will consider it only for the purpose, of illustrating the motive of the killing in this case, if you find in fact there was a killing." This charge was not erroneous as contended by the defendant in the third special ground of his motion for a new trial. The charge was therein alleged to be erroneous, (a) because specified evidence of another crime committed by the defendant was introduced, and the effect of the charge made it incumbent on the jury to determine what particular evidence was admitted, whereas it was the duty of the judge to determine the relevancy of the evidence and the purpose for which it was admitted, and charge definitely what evidence he had reference to; (b) because the evidence as to another crime, admitted to show motive and identity of the child, was objected to "except as for the purpose of showing a motive for the murder in the event there was one," and was admitted only for

such purpose, but the judge at no time specifically instructed the jury that such evidence was admitted only for such purpose, or referred to the evidence as being that to which he referred in his charge to the jury. The judge approved this ground with certain explanatory notes which it is not deemed necessary to set forth.

■ The first and second special grounds complain that the evidence was insufficient to prove the venue, which the indictment charged was in Ben Hill County, Georgia. There was no direct evidence that the crime was committed in the alleged county. The circumstantial evidence on this point was substantially as follows: The mother of the infant was an unmarried daughter of defendant. She with her younger sisters and brothers lived with their father in his home in the "upper part" of Ben Hill County, Georgia. The child, normal and healthy, was born in the family home July 31. On the morning of August 3, "between midnight and day," the defendant killed the child by means of a rope tied around its neck, and "between daylight and sunup" buried the body wrapped with cloth in a common box in the woods near the home, "back up on the side of the sand hill," in Ben Hill County. His declared object in killing and burying the child was "to keep down embarrassment." The mother, still confined in bed, did not miss the child until about 9 o'clock that morning. She then asked defendant where it was, and he stated he had killed it in the manner and for the purpose above stated. It may be stated as a rule that the venue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt. *Gosha* v. *State,* 56 *Ga.* 36 (2) ; *Moye* v. *State,* 65 *Ga.* 754; *Futch* v. *State,* 90 *Ga.* 472 (2) (16 S. E. 102) ; *Holden* v. *State,* 144 *Ga.* 338 (87 S. E. 27) ; *Taylor* v. *State,* 154 *Ga.* 68 (113 S. E. 147). It may be proved by circumstantial as well as by direct evidence. *Dumas* v. *State,* 62 *Ga.* 58 (4) ; *Robson* v. *State,* 83 *Ga.* 166 (8) (9 S. E. 610). In order to convict on circumstantial evidence alone, the proved facts must be so conclusive as to exclude every reasonable hypothesis save that of the guilt of the accused. Code, § 38-109. The foregoing principles have been applied in other cases, with different results depending upon the facts of the particular case. In the following cases the facts were held insufficient to establish the venue, and judgments

of reversal were rendered by this court because of insufficiency of the evidence on that subject.

In *Gosha* v. *State*, 56 *Ga.* 36 (2), it was held: "The venue of a crime must be established clearly and beyond all reasonable doubt; and where there is no positive proof that the offense was committed in the County of Sumter, but the only proof of the place is that it was within fifty yards of a residence in Sumter County, it does not affirmatively appear with sufficient certainty that the crime was committed within the jurisdiction of the court, and therefore a new trial must be awarded." In *Moye* v. *State*, 65 *Ga.* 754, 755, it was said: "An examination of the testimony sent up with the record shows that the only proof touching the venue was that the crime was committed in the lumber-yard of a Mr. Sloan, in the City of Americus; but it is nowhere shown that it was committed in the County of Sumter, where the defendant was tried. This must be done clearly and beyond all reasonable doubt." In *Smith* v. *State*, 69 *Ga.* 768, it was held: "Where, on the trial of an indictment for beating and maltreating a horse, the evidence showed that the horse was hired and taken from the stable of one Cooper, in Clarke County, in good order early in the morning, was driven to Mount Pleasant, a distance of about seven miles, thence to other localities designated by name, and finally returned to the stable in the evening, weak and staggering, and with marks of the whip upon him, and there died, but failed to disclose in what county the route pursued in the course of the drive lay, the venue was not sufficiently proved, and a new trial must be granted." In *Futch* v. *State*, supra, it was held: "The venue in a criminal case must be proved beyond a reasonable doubt, like any other fact. The proof in this case was, that the homicide was committed at a point twenty-five or thirty steps distant from a certain house, and that the house was in the county laid in the indictment. Under the ruling in *Gosha* v. *State*, 56 *Ga.* 36, the venue was not sufficiently proved, it not affirmatively appearing that the place of the homicide was within the jurisdiction of the court." In *Cooper* v. *State*, 106 *Ga.* 119 (2), 120 (32 S. E. 23), it was said: "The only evidence as to venue was that 'the difficulty occurred in Lawrenceville, in front of Dan Rutledge's store.' Following the decision cited in the second headnote, we are constrained to hold that this was not sufficient proof of the venue. In *Moye's* case it appeared 'that the

crime was committed in the lumber-yard of a Mr. Sloan, in the City of Americus,' and it was decided that this did not show affirmatively that the offense was committed in the County of Sumter, where the accused was tried. We presume this decision was based upon the idea that, as it was not proved the 'City of Americus' in question was within this State, the court could not assume it was a Georgia city. If it had been proved that the offense was committed in Americus, Ga., doubtless judicial cognizance would have been taken of the fact that this city is in the County of Sumter."

In *Green* v. *State,* 110 *Ga.* 270 (34 S. E. 563), it was held: "The venue of the offense of arson is not sufficiently proved by evidence showing merely that the outhouse alleged to have been burned was at a point 35 or 40 feet from a dwelling-house, which was located in the county laid in the indictment." In *Holden* v. *State,* 144 *Ga.* 338 (87 S. E. 27), it was held: "The indictment charged that the accused killed and murdered 'an infant male child, the child of Dovie Cochran, whose name is unknown to the grand jury,' in the County of Gilmer. The only evidence as to the venue was the testimony of a physician, who testified that he knew the accused Joe Holden, and Dovie Cochran, and that 'I know where they live, and it is in Gilmer County. I was at the place where they lived last Saturday. I was called there by Coroner Cantrell. I found a dead child about one hundred and twenty-five or fifty yards from the house.' Under former rulings of this court, this evidence was not sufficient to establish clearly and beyond a reasonable doubt that the child was killed in the County of Gilmer." In *Taylor* v. *State,* supra, it was held: "Where, on the trial of one charged with murder, the evidence tended to show that the homicide occurred 'near West Green,' and where it does not appear that West Green is an incorporated town; and where it further appears that the town of West Green is near the county line of the county wherein the homicide is alleged to have been committed, the venue is not sufficiently proved to give the court of the county in which the case is tried jurisdiction of such case." See also *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909), and cit.; *Garrett* v. *Atlanta,* 152 *Ga.* 675 (110 S. E. 886).

In the following cases the facts were held sufficient to establish the venue. In *Johnson* v. *State,* 62 *Ga.* 299, it was said: "Evi-

dence that a defendant on trial for forgery lived in the county of the trial, and within it admitted the forgery, is sufficient proof of venue to support a verdict of guilty, there being no evidence that defendant had ever been out of the county." In *Smiley* v. *State*, 66 *Ga.* 754, it was held: "Where the proof was that an owner kept his hogs at his home in Miller County, and turned them out into the open country, calling them up at night, that suddenly they were missing therefrom, and that about the same time defendant, who lived near by, though in an adjoining county, sold them some distance away, and there was no proof that the hogs ever 'used' or ever were over the line, a verdict of guilty of larceny, found in the county of the owner's residence, will not be set aside for want of sufficient proof of venue." In *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E. 630), it was held: "When all of the evidence introduced on the trial of a criminal case strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved." In *Lewis* v. *State*, 129 *Ga.* 731 (2) (59 S. E. 782), it was held: "Upon the trial of one in the superior court of Berrien County, charged with murder, testimony to the effect that the offense was committed in Berrien County, although it does not expressly state that it was committed in the State of Georgia, was sufficient to make prima facie proof of venue. In such case, upon proof that the offense was committed in Berrien County, the presumption arises that the county referred to is in the State of Georgia. *Mitchum* v. *State*, 11 *Ga.* 615. See also *Porter* v. *State*, 76 *Ga.* 658; *Wright* v. *Phillips*, 46 *Ga.* 197." In *Lee* v. *State*, 176 *Ga.* 215 (2), 218 (167 S. E. 507), it was said: "There was evidence tending to show that the accused was guilty of the crime with which he was charged. That which is quoted above is directly in relation to the question of venue. It was testified that Fannie Brown's house was in Long County. The killing occurred at her house. The jury were authorized to believe the evidence of the witnesses who stated that the deceased was running around the house. From this evidence the jury were authorized to find that the venue was as it is laid in the indictment. In the case of *Womble* v. *State*, 107 *Ga.* 666 (33 S. E. 630), it was said: 'When all of the evidence introduced on the trial of a criminal case

strongly and decidedly tended to show that the offense was committed in the county where the trial was had, and there was no evidence warranting even a bare conjecture that it was committed elsewhere, it will be held that the venue was sufficiently proved.'. See also *Smiley* v. *State,* 66 *Ga.* 754, and *Johnson* v. *State,* 62 *Ga.* 299. The ruling made in *Futch* v. *State,* 90 *Ga.* 472 (16 S. E. 102), may lay down a rule apparently in conflict with the ruling here made, but it is not necessarily in conflict, and we follow the ruling made in the *Womble* case and the two other cases above cited, which are older than the *Futch* case."

In addition to the foregoing see Underhill on Criminal Evidence (2d ed.), 62, § 38. It is not necessary to go as far as this court did in *Bryant* v. *State,* 80 *Ga.* 272 (4) (4 S. E. 853), and *Morales* v. *State,* 158 *Ga.* 114 (123 S. E. 687) (two Justices dissenting), but reference is made to those decisions merely to show that they have not been overlooked. The circumstantial evidence in the instant case upon the subject of venue differs from that involved in any of the cases hereinabove cited. It is sufficient, however, to bring the case within the rulings in the class of cases which sustain the venue. The natural and reasonable inference to be drawn by the jury from the facts in the instant case is that the infant was killed at the home of the defendant and the body wrapped in cloth and placed in the box and carried by the defendant to the woods at the edge of the nearby sand hill where it was buried by the defendant. The evidence showed that the home of the defendant and the burial place were near together, and both were in the County of Ben Hill. There was no evidence or anything in the defendant's statement before the jury to indicate that the infant had been carried out of the county by the defendant and killed and brought back to the county for burial. Any such hypothesis would be mere conjecture, unsupported by evidence or any reasonable inference deducible therefrom. Under these views the evidence was sufficient to establish the venue as laid in the indictment.

■ The ruling announced in the third headnote does not require elaboration. *Judgment affirmed. All the Justices concur.*