FOWLER *v.* THE STATE.

*James R. Venable, Robert F. Morgan, E. A. Wright,* and *B. J. Dantone,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

ATKINSON, Presiding Justice.   The rulings announced in headnotes 1 to 5, inclusive, do not require elaboration.

The venue was alleged in the indictment as the County of DeKalb, and the crime was alleged to have been committed "at a public place, to wit, a road house and tourist camp known as Stone Edge on Highway 42 in said county." A witness for the State, referring to the allegations of the indictment, testified: "I have been out to Stone Edge on Highway 42 with this defendant, on one occasion." At another place the witness testified: "As to whether the place where this was, where this automobile was parked there on the lot there at the Stone Edge, 42 Highway, was in DeKalb County: It is on the lot, and there was another automobile parked on the lot. That is the parking lot where people come up and park to be served sandwiches, coca-colas and what-not. It is a place where the people coming by, parking, coming into and out of this place could have seen it." At another place the witness testified: "When he put me out I made a complaint to officer Leo Nahlik. After that I called the DeKalb County police. After that I was brought to meet the DeKalb County police by a city car, and was brought on out here, and Chief Dailey and Captain Foster talked to me. After talking to them I took them and showed them where Mr. Fowler lived, and I identified him, and we took him out to Stone Edge where the negroes were, and I identified them. The DeKalb County officers took me out there." At another place the witness testified: "I did not get in Mr. Nahlik's car. Mr. Nahlik was sitting in an automobile, and his partner was inside. I stepped to the automobile and asked him who I should report it to, and he told me to report it to the DeKalb County police. I went in and called them, and he drove on. I didn't even take it up with him any more. I don't know the names of the men who arrived out there to get me. They were city men, uniformed.

I came with them out to DeKalb Avenue and some street out here, and met the county police." The solicitor-general, in the examination of an alleged entrapping witness, read to the witness an affidavit that he had made, and stated to the witness that when he came to any part of the affidavit that witness contended was untrue he should indicate it by snapping his finger. When he read from the affidavit, "I work at Stone Edge on 42 Highway, and have worked there about two years, catching curb service. To-day, April 20, 1939, I saw a white man in the DeKalb County police office," the witness snapped his finger. "I thought you were talking about out yonder at the place I work. I saw a white man in the DeKalb County police office. That is true up to there." The foregoing is all the evidence that could be urged as tending to prove the alleged venue of the crime. It is insufficient for that purpose. Proof of the venue is part of the State's case, and failure in that regard is cause for a reversal where the question is properly raised in a motion for new trial. *Gosha* v. *State*, 56 *Ga.* 36 (2); *Moye* v. *State*, 65 *Ga.* 754; *Futch* v. *State*, 90 *Ga.* 472 (2) (16 S. E. 102); *Holden* v. *State*, 144 *Ga.* 338 (87 S. E. 27); *Taylor* v. *State*, 154 *Ga.* 68 (113 S. E. 147); *Dickerson* v. *State*, 186 *Ga.* 557, 559 (199 S. E. 142), and cit. On its facts the instant case differs from the case last cited, where the circumstantial evidence was held sufficient to show venue.

Was the question of venue properly raised in this case? "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." Acts 1911, p. 149; Code, § 6-1609. General grounds of a motion for a new trial do not require approval of the trial judge. *Harris* v. *State*, 120 *Ga.* 196 (47 S. E. 573); *Courson* v. *Pearson*, 132 *Ga.* 698 (64 S. E. 997); *Wall* v. *Wall*, 150 *Ga.* 115 (102 S. E. 822). Since before the passage of the act of 1911, supra, lack of venue could be raised in the general grounds of a motion for a new trial, it was the manifest purpose of this statute only to require that the particular point shall be "specifically raised by a ground of the original or amended motion for a new trial," and a ground raising such question in accordance with the statute is in the nature of a general ground

merely setting forth the movant's contentions, and does not require approval by the judge, showing his agreement with such contention. The record in the instant case shows that lack of proof of venue was specifically raised by a special ground of the motion for a new trial, and under the rulings just made this court should not refuse to consider such ground merely because it was not unqualifiedly approved by the judge. This ruling accords with the rulings in *Landrum* v. *Landrum,* 145 *Ga.* 307 (2) (89 S. E. 201); *Louisville & Nashville Railroad Co.* v. *Ogles,* 146 *Ga.* 20 (90 S. E. 476); *Hatcher* v. *State,* 176 *Ga.* 454 (4) (108 S. E. 278), relating to questions which can be raised only by special grounds of a motion for new trial, as to which qualified or conditional approval would be insufficient. The evidence was insufficient to prove venue, as contended in the motion for new trial, and the judge erred in overruling the motion.

*Judgment reversed. All the Justices concur.*