## NUNN *v.* THE STATE.

No. 16226. JULY 15, 1948.

N. J. *Smith*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *W. H. Lanier*, Solicitor-General, and *Mary B. Rogers*, contra.

WYATT, Justice. ■ In the brief of counsel for the plaintiff in error it is stated: "The case raises only two questions: (1) Does the evidence support the verdict; and (2) Was the venue of the crime proven? As to the first question propounded, without injecting the question of venue, counsel frankly says that the facts and circumstances adduced on the trial of the case leads to the guilt of the plaintiff in error." The evidence was entirely sufficient to authorize the jury to find the accused guilty of the crime of murder.

■ It is argued that the evidence fails to affirmatively show that the killing occurred in Jefferson County, Georgia. This argument is based upon the theory that, although the evidence disclosed that the home of John Cordie, where the shooting occurred, is located in Jefferson County, Georgia, the shooting occurred "some distance away from this home." It is further contended that, even conceding that the shot testified about occurred in Jefferson County, Georgia, no witness testified that "this shot even struck the deceased;" and that, therefore, she might have been shot, after she was carried away in a car by the defendant, at some other place. We can not agree with the plaintiff in error as to either of these contentions.

The evidence is undisputed that the home of John Cordie is located in Jefferson County, Georgia. Several witnesses testified that the defendant stopped his automobile "in the yard" of the home of John Cordie. It further appeared that "just a little before she got to the car, he [the defendant] dashed ahead of her and reached in there to the car and got the gun and he says come on and get in that car and that time he shot her." Another witness testified: "When that shot was fired she never done nothing but hollered and just said, 'Oh, Lord,' and fell. . . He drug her and put her in the car." It was shown by another witness: "That place where I saw her lying on the ground and where he put her in the car was in Jefferson County, Georgia." We think this evidence shows positively that the shooting did occur in Jefferson County, Georgia.

As to the contention that the evidence failed to show that the shot testified about actually struck the deceased, the evidence above quoted shows that when the shot was fired she "hollered," fell to the ground, and the defendant dragged her to a car and placed her therein. A physician testified that he examined the body of the deceased and found what appeared to be a gunshot wound sufficient to produce death, and that "there were no other wounds on the body except that gunshot wound that I recall; now I don't remember any other that I was able to detect." We think this evidence amply authorized the jury to find that the gunshot wound was inflicted in Jefferson County, Georgia, and that this wound produced death. True it is, there was no evidence showing where, or exactly when, the deceased died, but this makes no difference. "When any mortal wound shall be given, or any poison shall be administered, or any other means shall be employed in one county, by which a human being shall be killed, who shall die thereof in another county, the indictment shall be found and the offender shall be tried in the county where the act was performed or done from which the death ensued." Code, § 27-1104. ' See *Roach* v. *State*, 34 *Ga.* 78; *Aiken* v. *State*, 170 *Ga.* 895 (3) (154 S. E. 368); *Womble* v. *State*, 107 *Ga.* 666 (3) (33 S. E. 630).

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*