## 30951. ALDRIDGE v. THE STATE.

NICHOLS, Chief Justice.

Glen Aldridge was indicted, tried and convicted of the offenses of armed robbery and murder. He received a life sentence for the murder conviction and a sentence of three years imprisonment, to run concurrent with the life

sentence, for the armed robbery. His amended motion for new trial was overruled and the present appeal filed.

1. The appellant's first enumeration of error contends that the state failed to prove venue—that is, that the victim was murdered in Bibb County, Georgia.

" ' "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Baker v. State,* 55 Ga. App. 159 (189 SE 364); *Porter v. State,* 76 Ga. 658 (2), 660; *Johnson v. State,* 62 Ga. 299 (1); *Womble v. State,* 107 Ga. 666 (3) (33 SE 630).' *Climer v. State,* 204 Ga. 776, 781 (51 SE2d 802)." *Ellard v. State,* 233 Ga. 640, 641 (212 SE2d 816) (1975).

Assuming but not deciding that the evidence as to where the fatal shot was fired was inconclusive, the evidence that the body was found in Bibb County was not contradicted. Code § 26-302 (c) provides in part: "If a dead body is discovered in this State and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered." The contention that venue was not proven in this case is without merit.

2. The second and third enumerations of error complain that the trial court erred in permitting the state to impeach one of its own witnesses and in failing to strike such testimony upon motion of the defendant.

One of the state's witnesses had given a written statement to the police shortly after the victim's body was discovered. Thereafter, this same witness gave a contradictory statement to the defendant's counsel. When testifying upon the trial of the case on direct examination by the state, the witness testified in accordance with the written statement given the police. On cross examination after being reminded of the written statement given defendant's counsel, he testified in accordance with the second written statement. On redirect examination, after the district attorney announced that he had been entrapped, he was permitted to cross examine such witness with reference to the prior statement given the police.

Under the decision of this court in *Wilson v. State,* 235 Ga. 470, 475 (219 SE2d 756) (1975), "the ends of

justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them." The trial court did not err in permitting the state to impeach this witness.

3. Error is assigned in the fourth enumeration of error because the trial court failed to charge, without request, upon the subject of impeachment of a witness because of prior contradictory statements. In the absence of a timely written request for such a charge, the mere failure of the trial court to charge on the issue of conflicting statements made by a witness cannot be held to be prejudicial or harmful error. See *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

4. While a police officer was testifying, he was asked if two named individuals identified a tire and rim which were attached to the victim's body at the time it was discovered. Counsel for the defendant objected and a colloquy took place in which counsel for the state urged the admission of such testimony to explain the officer's conduct under the provisions of Code § 38-202. The testimony was admissible under such Code section. There was no objection made during the trial of the case to a colloquy which took place in the presence of the jury, and the defendant cannot now raise, on appeal, the contention that it was error for the court to permit such colloquy in the presence of the jury. Compare *Allen v. State,* 235 Ga. 709, 715 (221 SE2d 405) (1975).

5. The remaining enumerations of error all complain that the trial court erred in failing to charge the jury on various principles of law. The principles of law which it is contended should have been given without request include involuntary manslaughter in the commission of an unlawful act, principals and accessories in a crime, conspiracy and that they should find the defendant not guilty if the crime was committed by another and the defendant was not a co-conspirator, and the law relative to an innocent bystander.

Pretermitting the fact that under the decision of this court in *State v. Stonaker,* supra, it is not error to fail to charge on a lesser included offense in the absence of a timely request, yet, under the evidence in this case a charge on involuntary manslaughter in the commission of

an unlawful act was not authorized by the evidence.

"While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions . . . except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397) (1973). See also *Thomas v. State,* 234 Ga. 615 (216 SE2d 859) (1975), distinguishing enumerations of error dealing with the failure to charge without request and enumerations of error dealing with erroneous charges.

The remaining enumerations of error all deal with the failure to charge without request principles of law only indirectly, if at all, affecting the question of the defendant's guilt. The failure of the trial court to charge these principles of law in the absence of any request or objection on the trial, shows no error.

6. While the usual general grounds of the defendant's motion for new trial are not argued in this court, nevertheless the evidence in this case has been carefully examined and the guilty verdicts and sentences imposed in this case, life sentence for murder and three years imprisonment for armed robbery, were authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*O. L. Crumbley, Willis B. Sparks, III,* for appellant.
*Fred Hasty, District Attorney, Thomas Henson, Walker P. Johnson, Jr., Assistant District Attorneys, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.