### 32417. JOHNS v. THE STATE.

HILL, Justice.

The defendant was convicted in the Superior Court of Bibb County of rape and robbery by force and sentenced to 15 years and 10 years to be served consecutively.

The victim testified that she received a ride with a friend after leaving work at approximately 4:50 p.m. She was dropped off a short distance from her apartment in Bibb County and began walking the remainder of the way down a dirt road and along a path through a sparsely wooded area adjoining her apartment. Before reaching the wooded area, she heard someone behind her, turned and saw the defendant running after her. She was overtaken, a jacket thrown over her head, dragged to a vacant lot and forcibly robbed of her purse. The defendant fled the scene. The victim ran along the path in the wooded area toward her apartment but was again confronted by the defendant who demanded more money. He then tied her shirt around her head, forced her to lie down, tore her clothing and raped her. The victim testified she saw the defendant clearly before both the robbery and the rape.

After reaching the apartment, the victim called her sister who drove her to the hospital. She reported the rape to the hospital personnel who called police authorities. The doctor who examined her testified as to her physical and emotional condition. There was a positive finding of sperm cells.

Two detectives testified they interviewed the victim at the hospital. They showed her five photographs from which she identified the defendant. At a subsequent seven-man lineup at the police station, the victim again identified the defendant. In court the victim positively identified the defendant as her assailant.

One detective testified that following defendant's arrest and after being advised of his rights, the defendant told authorities that he had been with a named female during the time in question. That individual testified that the defendant had not been with her but had telephoned the witness on the day following his arrest to request that she say the defendant had been with her during that period of time.

The defendant and his wife testified that he had been at home during the afternoon in question doing various chores, except for a brief period when he left to purchase supplies.

1. The defendant contends that the state failed to prove that the rape and robbery were committed in Bibb County. The victim testified that after she got out of the car at the corner of Shurling Drive and the Gray highway, she walked past a church and down a road close to Shurling Grammar School en route to her apartment on Dublin Avenue. She testified that the "area" she had described was in Bibb County. Next she testified that the defendant chased her, robbed her, came after her again and raped her. The defendant argues that there is no evidence to show that when she stopped running, i.e., when her assailant caught her, she was still in Bibb County. There was no evidence showing that she was not in Bibb County.

"Venue may be proved by circumstantial as well as direct evidence." *Loftin v. State,* 230 Ga. 92, 94 (195 SE2d 402) (1973). Both crimes took place between the point of exit from the automobile and the victim's apartment, an "area" in Bibb County. There was no evidence suggesting that the crimes were committed elsewhere. See *Dickerson v. State,* 186 Ga. 557, 562 (199 SE 142) (1938). "Evidence as to venue, though slight, is sufficient where there is no conflicting evidence." *Aldridge v. State,* 236 Ga. 773, 774 (225 SE2d 421) (1976). The question of venue is to be decided by the jury and its decision as to venue will not be set aside where there is any evidence to support it.

The defendant cites *Gosha v. State,* 56 Ga. 36 (2) (1875), where the court said that " . . . where there is no positive proof that the offense was committed in the

county of Sumter, but the only proof of the place is that it was within fifty yards of a residence in Sumter County, it does not affirmatively appear with sufficient certainty that the crime was committed within the jurisdiction of the court, and therefore a new trial must be awarded." The authority of *Gosha* is weakened by the court's further statement that it was more readily constrained to grant a new trial because it felt the 20 year sentence inflicted upon 16-year-old Gosha was rather severe (56 Ga. at 37). *Gosha* was criticized in *Murphy v. State,* 121 Ga. 142 (48 SE 909) (1904). Finally, it does not appear that the court in *Gosha* gave sufficient weight to the jury's finding as to venue. Cf. *Johnson v. State,* 62 Ga. 299 (1) (1879); *Smiley v. State,* 66 Ga. 754 (1881).

In *Dickerson v. State,* supra, the court pointed out that there were two lines of cases as to the sufficiency of the evidence as to venue, one line typified by *Futch v. State,* 90 Ga. 472 (16 SE 102) (1892), which followed *Gosha,* supra, and the other line typified by *Womble v. State,* 107 Ga. 666 (33 SE 630) (1899), and *Smiley v. State* and *Johnson v. State,* supra. The court in *Dickerson* decided to follow *Womble* and not to follow the *Gosha, Futch* line of cases. See also *Lee v. State,* 176 Ga. 215, 218 (167 SE 507) (1932); and *Carrigan v. State,* 206 Ga. 707, 718 (58 SE2d 407) (1950). We adhere to the decision made in *Dickerson.* The evidence in this case was sufficient to authorize the jury's finding that venue was in Bibb County.

2. The defendant contends that the trial court erred in allowing the jury, in open court and at its request, to rehear the taped testimony of the victim, both direct and cross examination, after deliberation had begun. The rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation. *Person v. State,* 235 Ga. 814 (3) (221 SE2d 587) (1976); *Green v. State,* 43 Ga. 368 (5) (1871). The fact that the testimony was replayed from a tape recording rather than reread from the stenographic notes is of no legal consequence. In *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976), the tape was played in the jury room and outside the presence of the defendant.

Similarly, in *Strickland v. State,* 167 Ga. 452 (145 SE 879) (1928), the victim's dying declaration was taken into the jury room. In the case before us the tape was replayed in the presence of the defendant and his counsel and the trial judge did not err in overruling defendant's motion for mistrial.

3. In opening statement to the jury, the prosecutor stated that the state expected to prove identity and method by other rape victims. When those victims were unable to identify the defendant, their testimony was not offered. At defendant's request, the court instructed the jury that no other charges against the defendant were to be considered. In charging the jury the court repeated these instructions, saying, among other things: "He is not now on trial on account of any other offense or offenses and you will only consider the charges which are made against him in this indictment." The defendant urges that the word "now" in the phrase "He is not now on trial . . ." suggested to the jury that the defendant would be tried later for other crimes and thus improperly put his character into issue. The charge viewed as a whole, including the requested protective instruction, was accurate and was neither harmful nor prejudicial. *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13) (1887).

4. Defendant argues that the court committed harmful error in its charge on the credibility of witnesses by pointing out that the jury had the right to take into consideration the fact that the defendant was interested in the outcome of the prosecution. Recognizing that this instruction was upheld in *Walker v. State,* 132 Ga. App. 274 (5) (208 SE2d 5) (1974), defendant urges us to overrule that decision. We have reviewed Division five of that opinion, as to which the full Court of Appeals was unanimous, and we approve it as being a correct statement of the law.

5. Defendant argues that because he testified as to an alibi defense, the trial court's charge to the jury on consent was confusing, misleading and harmful. We do not agree. Force is an element of the crime of rape which the state must prove (Code § 26-2001), and defendant's counsel cross examined the victim as to whether, after the robbery, she resisted the rape.

6. In enumerations of error 6 and 7, defendant contends that the charge on the subject of corroboration was harmful error in that it could lead the jury to believe that the victim's credibility could furnish that corroboration of her testimony necessary for conviction in a rape case. Defendant also argues that it was harmful error for the court to charge that the jury could consider "... any other facts and circumstances in the case which throw light upon the subject" as they might bear on the victim's credibility and corroboration of her testimony. A jury may consider other circumstances which bear upon corroboration (*Wingfield v. State,* 231 Ga. 92, 98 (200 SE2d 708) (1973)), and upon credibility. Therefore, the charge was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED SEPTEMBER 27, 1977.

*Wilson & Wallace, Hugh Q. Wallace,* for appellant.
*Walker P. Johnson, District Attorney, Don Thompson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.