## 57130. WEST v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of forgery in the first degree in two counts in which he was charged with uttering and delivering the two checks of another to two separate branch banks with the intent to defraud the alleged maker of said checks drawn on said bank. Defendant was convicted on both counts and sentenced to serve 10 years as to each count to be computed according to law. Defendant appeals. *Held:*

1. Defendant first contends that the prosecution failed to prove forgery in the first degree in that no evidence was presented showing that the defendant uttered or delivered the checks represented by Counts 1 and 2 of the indictment. The evidence as to same is substantial in that the two checks were presented to two separate tellers at different branch banks at different hours. While neither of the tellers as witnesses could testify that the person who cashed the checks was one and the same as the defendant in the court, nevertheless they testified that the person who cashed the checks was photographed and the person in the photograph was identified by each as being the person who passed the check. Other evidence discloses that said checks were forgeries. The jury had for consideration the properly identified photographs of the person having the possession of the checks and uttering and delivering same for the purpose of defrauding another. See State v. Tatum, 360 P2d 754 (Sup. Ct. of Washington, 1961); United States v. Diggs, 423 F2d 1194 (4th Cir., 1970); United States v. Moseley, 450 F2d 506 (5th Cir., 1971); United States v. Goslee, 389 FSupp. 490 (U.S.D.C., W.D. Pa.,

1975). This evidence was sufficient for the jury to determine that the defendant on trial was one and the same person as the individual shown in said photographs as to both Counts 1 and 2. See in this connection *Shope v. State,* 106 Ga 226 (4), 228-229 (32 SE 140); *Womble v. State,* 107 Ga. 666 (4), 669 (33 SE 630). The only issue for us to decide is whether there is any evidence to support the verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). There is no merit in this first complaint.

2. The remaining enumeration of error complains that the prosecution failed to comply with the mandatory provisions of Code § 38-709 as to other writings proved or acknowledged to be genuine which may be admitted into evidence for the purpose of comparison by the jury. Defendant contends that the state failed to submit same to the opposite party (the defendant) before announcing ready for trial. But in this instance the prosecution did not attempt to admit any writings in evidence. On the contrary, the defendant tendered such writings in evidence in attempting to show that the defendant did not sign the signature shown on the checks. On cross examination a witness for the state did testify that handwriting samples had been taken from the defendant, but no such writings were tendered or admitted into evidence. Code § 38-709 simply is not applicable here, and there is no merit in this complaint.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED MARCH 1, 1979.

*Nadler, Gold & Beskin, Donald C. Beskin,* for appellant.

Michael D. West, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.