70642. TROGDON v. THE STATE.
ADDENDUM TO 176 GA. APP. 246.

ON MOTION FOR REHEARING.

BEASLEY, Judge, dissenting.

I respectfully dissent because it appears to me that there is some evidence that misrepresentations were made by appellant at the bank offices in Coweta County with respect to the collateral. These misrepresentations induced the bank to act in approving the loan renewal, and refrain from acting in not seeking the collateral thereafter, with respect to protection of its interest in the security of the loan.

For one thing, there was testimony that appellant told a bank officer that "he had the collateral and owned it" and that he told the bank president that the collateral was the same as on the dates he had earlier signed the note and security agreement. There was some evidence that this was not entirely true, inasmuch as at least one auto had been sold a year or a year and a half before. No notice of the diffusion of collateral was given to the bank. No permission was given to sell it or allow employees to take it in lieu of pay, and no proceeds of sales were applied to the loan.

Thus there was at least one act in Coweta County, the representation, and several inactions when appellant was required to act insofar as his relationship with the bank was concerned, i.e., failure to notify or turn over proceeds. An omission to act, when joined with criminal intent, can constitute a crime. OCGA § 16-2-1. But even if omission to act is not embraced within the meaning of OCGA § 16-9-51 (b), the act of misrepresenting the status of the auto as collateral would be sufficient to establish venue.

In addition, based on the general financial condition of the corporation and of appellant and what occurred by June 1983, the jury could reasonably infer from all the circumstances that when appellant represented to the bank in the previous December that the collateral was secure, he knew that was not true and that it was either already gone or at least in imminent danger of dissipation. Such would constitute an act in furtherance of a criminal scheme to hinder enforcement of the security interest. OCGA § 16-9-51. The jury could find, based on all the circumstances of what transpired, that appellant knew that if he represented the situation to be the same as previously, the bank would be lulled into taking no action to recover the collateral then or in the future months. His representations affected the bank's willingness to renew the note and thereby unwittingly jeopardize its interest in the collateral. There was no question that this transaction occurred in Coweta County.

Here, venue was not controverted by any evidence conflicting

with the evidence that certain transactions regarding the collateral occurred in Coweta County. Where the evidence, however slight, is sufficient to establish venue, it is sufficient to go to a jury where there is no conflicting evidence. *Aldridge v. State*, 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). Circumstantial evidence may be used. *Loftin v. State*, 230 Ga. 92, 94 (195 SE2d 402) (1973). As a fact question, it will not be set aside if there is any evidence to support it. *Johns v. State*, 239 Ga. 681, 682 (1) (238 SE2d 372) (1977).